538 So.2d 1379 (1989)
B.P. DEVELOPMENT AND MANAGEMENT CORPORATION, Appellant,
v.
P. LAFER ENTERPRISES, INC., etc., Appellee.
No. 88-286.
District Court of Appeal of Florida, Fifth District.
March 2, 1989.
*1380 Edmund T. Baxa, Jr., of Swann and Haddock, P.A., Orlando, for appellant.
Christopher J. Weiss of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
DANIEL, Judge.
B.P. Development and Management Corporation appeals a final summary judgment in favor of P. Lafer Enterprises. B.P. contends that the trial court erred in entering summary judgment because the record showed the existence of genuine issues of material fact. B.P. also contends that the court erred in denying its motion to amend its counterclaim. We agree with this latter contention and reverse.
The record reflects that Lafer supplied a Christmas decorations package to B.P. for use at the Osceola Square Mall. The decorations were delivered prior to Thanksgiving in 1986 and were used through the Christmas season. The package cost $48,775, payable in three installments. B.P. made the first payment on delivery and stopped payment on the remaining two checks.
In April 1987, Lafer filed suit against B.P. for breach of contract, quantum meruit and civil theft. B.P. filed an answer denying the relevant allegations and alleged breach of contract, failure of consideration, fraud, setoff and payment as affirmative defenses. B.P. later counterclaimed seeking rescission of the contract.
Both parties moved for summary judgment. The court granted Lafer's motion on the basis that nothing in the record showed that B.P. had ever rejected the goods. After final judgment was entered in favor of Lafer, B.P. filed a motion to amend its counterclaim to include a claim for damages for nonconforming goods. The trial court considered the motion to be untimely and it was denied.
On appeal, B.P. contends that there were factual disputes concerning its affirmative defenses and accordingly the trial court erred in entering summary judgment. B.P. also argues that the trial court should have granted its motion for leave to amend its counterclaim to state a claim for damages for the delivery of non-conforming goods.
*1381 In a deposition submitted by B.P., Cathy Trivigno, a manager with B.P. who supervised the installation of the decorations, testified that the mall had to have its Christmas decorations in place the day after Thanksgiving, the traditional start of the shopping season. Trivigno admitted that all items were delivered but she and the merchants in the mall were dissatisfied with the quality of the decorations. According to Trivigno, the decorations looked as though they had come from discount stores and were not worth the amount paid for them. Trivigno stated that she told Lafer of her dissatisfaction with the decorations. Her supervisor, Ed Harris, stated in his affidavit that the decorations were not of the quality warranted by the cost, the decorations were provided at a time when it was virtually impossible to substitute another decorative package for the Christmas season, that sometime in December 1986, he advised Lafer that the products were not of a suitable quality and attempted to negotiate a lower price with him. In another affidavit, Harris stated that he had met with Lafer in December to discuss his objections to the decorations and to adjust the price. Lafer, however, refused to adjust the price and indicated that he was going to file suit.
Under the Uniform Commercial Code, an acceptance of goods occurs when the buyer, after a reasonable opportunity to inspect the goods, signifies to the seller that the goods are conforming or that he will take them in spite of their nonconformity. § 672.606, Fla. Stat. (1985). Here, the record clearly establishes that B.P. kept the delivered goods, used them as the mall's decorations and, at most, wanted a lower price because of their alleged nonconformity. Thus B.P. "accepted" the goods within the meaning of the code. Once goods are accepted, the buyer must pay at the contract rate for any goods accepted. § 672.607(1), Fla. Stat. (1985).
Acceptance of the goods precludes their subsequent rejection and any return of the goods thereafter must be by way of revocation of acceptance under section 672.608, Florida Statutes (1985). However, the revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the grounds for it. In its counterclaim, B.P. alleged that it had offered to rescind[1] the contract for the Christmas decorations on June 1, 1987, some six months after the goods were delivered. In view of the seasonal nature of the decorations, we conclude that the delay in giving notice was unreasonable. See Hays Merchandise, Inc. v. Dewey, 78 Wash.2d 343, 474 P.2d 270 (1970). Even if notice of revocation had been given earlier, B.P.'s actions in displaying and using the decorations for its own benefit throughout the Christmas season is inconsistent with its claimed revocation. Id.
Under the Uniform Commercial Code, the failure to reject goods or revoke acceptance will affect a buyer's remedies but it does not necessarily preclude him from making a claim for breach of warranty. Central Florida Antenna Service v. Crabtree, 503 So.2d 1351 (Fla. 5th DCA 1987); United States Fidelity and Guaranty v. North American Steel Corporation, 335 So.2d 18 (Fla. 2d DCA 1976). See §§ 672.313, 672.608, 672.714, and 672.717, Fla. Stat. (1985). Here B.P. moved to amend its counterclaim to state a claim for damages for the delivery of non-conforming goods but the motion was considered untimely and it was denied.
Where summary judgment should be entered in a cause but it appears that the unsuccessful party may have a cause of action or defense if properly pleaded, the proper procedure is to grant the motion for summary judgment but with leave to amend. Hart Properties, Inc. v. Slack, *1382 159 So.2d 236 (Fla. 1963); Firestone Tire & Rubber Company v. Thompson Aircraft, 353 So.2d 137 (Fla. 3d DCA 1977); Sea Shore Motel Corporation v. Fireman's Fund Insurance Company, 233 So.2d 651 (Fla. 4th DCA 1970). A motion to amend a complaint following a final summary judgment is not necessarily untimely since it is within the discretion of the trial court to grant or deny. Sea Shore Motel Corporation. See also Fla.R.Civ.P. 1.190. Thus, even though there was no rejection or revocation of acceptance, B.P. should have been allowed to amend its counterclaim for damages for nonconforming goods.
REVERSED AND REMANDED.
COBB, J., and NORRIS, W.A., Jr., Associate Judge, concur.
NOTES
[1] Section 672.608 no longer speaks of "rescission", a term capable of ambiguous application. The remedy under this section is instead referred to simply as "revocation of acceptance" of goods tendered under a contract for sale. See U.C.C. § 2-608 Comment 1 (1966).