634 So.2d 242 (1994)
CONTINENTAL BAKING COMPANY, Petitioner,
v.
Roger L. VINCENT and Jim Puigdomenech, Respondents.
No. 93-2187.
District Court of Appeal of Florida, Fifth District.
March 25, 1994.
Charles Robinson Fawsett, P.A., and Michael L. Gore, of Shutts & Bowen, Orlando, for petitioner.
Frederick C. Morello, of Frederick C. Morello, P.A., Daytona Beach, for respondent, Roger L. Vincent.
No appearance for respondent, Jim Puigdomenech.
GRIFFIN, Judge.
Petitioner seeks certiorari review of orders below denying summary judgment and dismissal. This claim was initially brought by respondent, Roger L. Vincent ["Vincent"], against petitioner, Continental Baking Company ["Continental"] on theories of employment discrimination based on age and handicap. After the suit was removed to federal court, Vincent sought leave to add a third count to join a non-diverse defendant. The added defendant was Jim Puigdomenech ["Puigdomenech"], a regional sales manager for Continental. The claim is entitled "Negligent Misrepresentation." In essence, it alleges that during the course of Vincent's employment at Continental, he "orally" applied for the position of account executive in a meeting with Puigdomenech, which application was "accepted" in that Puigdomenech *243 promised Vincent the position of account executive when it became available upon the retirement of the individual who then held the position. This promise was allegedly a "misrepresentation" that Puigdomenech "knew or should have known" was false. It allegedly induced Vincent to continue working, which "aggravat[ed] his handicapped condition." Four months later, Puigdomenech was transferred. Vincent was not offered the account executive position, and his employment with Continental subsequently ended.
Puigdomenech and Continental contended below that the "negligent misrepresentation"[1] claim is not adequately pleaded and is not cognizable under Florida law. They also contended the claim has no factual basis because Vincent testified in his deposition that when Puigdomenech promised him the account executive position, he intended to keep the promise. Finally, Continental contends that the claim against Puigdomenech was added solely for the purpose of defeating diversity jurisdiction.
Vincent was given leave in federal court to amend to add the claim against Puigdomenech on November 25, 1991. Before that date, on October 31, 1991, Continental had filed a motion for summary judgment on the claims previously filed against Continental. Shortly after the amended complaint adding Puigdomenech was filed, Continental and Puigdomenech filed a motion to dismiss, on December 6, 1991. On February 10, 1992, the federal district court, Middle District of Florida, disposed of these motions by using a "denied" stamp. Approximately six weeks later, the case was ordered remanded to state court based on lack of diversity. On October 27, 1992, Puigdomenech, in concert with Continental, filed his first motion for summary judgment. On March 11, 1993, a hearing was conducted at which the lower court considered both the Puigdomenech motion for summary judgment and the motion to dismiss filed on December 6, 1991, while the case was still in federal court. As a result of that hearing, the lower court sent a letter to counsel directing the drafting of an order on his ruling, which he expressed as follows:
It appears for [sic] my review that the Federal Court had already ruled on these Motions For Summary Judgment and Dismissal prior to remand. I therefore decline to rule on them as that would be a usurpation of a federal court's ruling... . I want the Order Declining to Usurp Federal Court's ruling and to state my reason as shown above.
Puigdomenech and Continental moved for reconsideration, pointing out, among other things, that the federal district court lacked jurisdiction at the time it ruled and that the federal court never had before it a motion for summary judgment filed by Puigdomenech. The lower court then issued the order that is the subject of this petition. The text of the order reads in pertinent part:
Having heard argument and reviewed numerous memoranda on the issues of law filed both in this court and the Middle District Court, having a reluctance to usurp the Federal Court's orders previously rendered on most of these issues, but understanding that the parties agree that the Federal Court lacked jurisdiction after it permitted amendment of the complaint to add a non-diverse party, namely PUIGDOMENECH, and having reviewed the entire file to issue the following rulings on the merits contained in the Defendants' motions, it is,
ORDERED and ADJUDGED:
1. That the Defendants' Motions to Dismiss Counts III, IV and V of the Second Amended Complaint are denied... .
2. That the Defendants' Motion for Summary Judgment on Counts I, II and III are denied.
Continental now urges that certiorari is proper because this order departs from the essential requirements of law and because *244 the lower court's refusal to dismiss Puigdomenech from the lawsuit irreparably harms Continental by forcing it to litigate in state court.[2] Certiorari does not lie for this purpose.[3] Petitioner has litigated his claimed right to be in federal court in federal court, which is the appropriate forum. See Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir.1983). The federal court denied relief.
We note, however, that the abovediscussed pair of orders suggests the lower court's rulings on petitioner's motions may have been affected by the previous rulings of the federal district court. This is cause for concern. The pleading standard in federal court and the pleading standard in our state courts differ radically. The federal courts only require notice pleading; Florida is a fact-pleading jurisdiction. See generally Sherman Cohn, Notice Pleading: End of a 55-Year Experiment, Am. Inns of Court Fed. Prac.Dig. 17 (11th Cir. ed., Apr. 1993). The quality of pleading that is acceptable in federal court and which will routinely survive a motion to dismiss for failure to state a claim upon which relief may be granted will commonly not approach the minimum pleading threshold required in our state courts. Florida's pleading rule forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort. The fact that a pleading of a state law claim in a diversity case in federal court has survived a motion to dismiss says nothing about whether the claim meets the pleading standard required in our state courts. Such a procedural, interlocutory ruling on a state law claim ought not influence the lower court's wholly independent evaluation of their adequacy under Florida law and procedure. We note, however, that the challenged order also recites that the motions were considered on their merits, so we will assume this was done.
PETITION DENIED.
HARRIS, C.J., and DAUKSCH, J., concur.
NOTES
[1] They urge, among other things, that it is impossible to negligently misrepresent a promise of an act to occur in the future.
[2] Continental actually describes this as a deprivation of their right to be in federal court.
[3] Nor do we agree that in K Mart Corp. v. Fernandez, 623 So.2d 846 (Fla. 2d DCA 1993), the Second District Court of Appeal "implicitly acknowledged" that certiorari would lie to protect a litigant's right to remove a state court action to federal court.