638 So.2d 149 (1994)
8100 RAILROAD AVENUE REALTY TRUST, Appellant,
v.
R.W. TANSILL CONSTRUCTION COMPANY, ECI, Inc., AA Advanced, Inc., Advanced Coating, Inc., Creamer Company, Inc., and Marc Weiner, Appellees.
No. 94-0355.
District Court of Appeal of Florida, Fourth District.
June 8, 1994.
*150 Steven M. Weiss of Weiss, Jacobs & Straus, P.A., Boca Raton, for appellant.
Doak S. Campbell, III and Anthony C. Soviero, Delray Beach, for appellees.
KLEIN, Judge.
Appellant, a New Hampshire real estate trust, appeals an order denying its motion to dismiss for lack of personal jurisdiction. We reverse because plaintiffs failed to allege in their complaint or demonstrate by proof that the trust committed a tort in Florida, which is the basis for personal jurisdiction.
Plaintiffs/appellees filed suit against Paramount Health and Fitness, Inc., contending that Paramount owed money for services and materials furnished for improving Paramount's premises. Plaintiffs also sued two individual shareholders of Paramount and the appellant, a New Hampshire real estate trust. The essence of the complaint against the trust was that it had lent money to Paramount to be used for improving the premises; that the individuals who owned Paramount did not apply the loan for that purpose, but instead took the proceeds for themselves; and that this was done with the knowledge and consent of the trust. The complaint contained no allegations relating to long arm service of process.
The trust specially appeared and moved to dismiss for lack of jurisdiction with affidavits reflecting that the trust has engaged in no activity in Florida other than to make this one loan to Paramount. Plaintiffs did not file any counter affidavits. Plaintiffs argued that Florida had jurisdiction over the trust by virtue of section 48.193(1)(b), Florida Statutes (1993), which gives Florida jurisdiction over a party who commits a tortious act in Florida. The trial court denied the motion to dismiss and the trust filed this non-final appeal.
The trust argues that there are no facts alleged in this complaint which could constitute fraud by the trust, and that there is thus no basis in this record for personal jurisdiction under the statute. Plaintiffs argue that the complaint does state a cause of action for fraud, and in the alternative argue that whether the complaint states a cause of action has not yet been determined by the trial court.
In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989), the supreme court stated:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1070(i) [now 1.070(h)]; Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986). By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla. 4th DCA 1976). A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
In the present case the complaint contains no allegation regarding personal jurisdiction over the trust. It does not allege that the trust is doing business in Florida to the extent that there would be "minimum contacts" which would satisfy due process,[1] nor does it allege any other basis for jurisdiction.
Florida Rule of Civil Procedure 1.070(h) provides:
Pleading Basis. When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
When this rule was added in 1980, the committee noted that the purpose of it was to *151 eliminate the necessity of pleading the evidentiary facts for long arm jurisdiction. It did not, however, eliminate the necessity of pleading the basis for long arm jurisdiction. Venetian Salami.
Plaintiffs argue that we should not review the sufficiency of this complaint for failure to state a cause of action because the trial judge has not yet made that determination. If this were a case where the basis for long arm jurisdiction was, for example, that the defendant was doing business in Florida or the defendant was a non-resident motorist, plaintiffs would be correct. Here, however, the sole basis for jurisdiction is that the trust committed a tort in Florida. Since the only support in the record for that argument is the complaint, we must of necessity determine whether it states a cause of action in tort, in order to determine jurisdiction. As this court said in Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58, 61 (Fla. 4th DCA 1976):
A defendant seeking to challenge the legal sufficiency of matters alleged in a complaint relating to the application of the long-arm statute may do so by filing a motion to dismiss (or abate) on the ground of lack of jurisdiction over the person. The motion, in essence, must be treated as admitting all facts properly pleaded pertinent to the conduct and activities of the defendant in the forum state and constitutes an assertion that as a matter of law such facts are nevertheless legally insufficient to demonstrate the applicability of the long-arm statute.
See also, Venetian Salami, 554 So.2d at 502 (citing Elmex).
Accepting all of the allegations of plaintiffs' complaint as true, the allegations are legally insufficient to state a cause of action for fraud. See A.S.J. Drugs, Inc. v. Berkowitz, 459 So.2d 348 (Fla. 4th DCA 1984) (elements of fraud are: a knowingly false statement, an intent that it be acted on, and detrimental reliance). Since the complaint does not allege fraud, or any other tort, there is no basis for personal jurisdiction, and defendant's motion to dismiss should have been granted.
Reversed.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945).