PETERSON, J.
On March 29, 1961, the following easement was granted:
1. Viola L. Krajic and Thomas Vi-glianco, Jr., his guests, and occupants of the Ocean View Apartments, be and the same are hereby granted an easement over and across the South 5 feet of Lot 3, Frank J. Krajic Subdivision, according to Plat Book 10, page 7, which said easement shall be for the purpose and use of the Grantees, their guests and occupants for ingress and egress to the Atlantic Ocean. Said easement shall not be considered a public easement or right of way, and this easement shall be perpetual and shall inure to the benefit of the grantees’ heirs and assigns.
2. This easement shall run with the land and shall not be subordinate to any mortgages whatsoever.
3. Viola L. Krajic and Thomas Vi-glianco, Jr. by these presents hereby quit claim all of their right, title and interest in and to the easement referred to in warranty deed recorded in Official Records Book 721, page 188, which is an easement across the North five feet of Lot 1 of the above described subdivision.
3.It is understood and agreed between thé parties that the consideration for relinquishing of Viola Krajic’s and Thomas Vigbanco, Jr.’s interest in the easement over and across the North five feet of Lot 1 is for the purpose of substituting the easement over the South 5 feet of Lot 3 of the above subdivision in order that Thomas Viglianco, Jr. and Viola Krajic, his guests and occupants shall have a perpetual easement to and from the Atlantic Ocean.
At the time the easement was granted, the Ocean View Apartments were located on Lots 7, 8 and 9 of the Frank J. Krajic Subdivision,[1] on the west side of State Road A1A, west of the servient property. None of the parties likely envisioned the specific scenario that later, the Ocean View Apartments would be torn down and a motel would be built in their place, not only on lots 7.8 and 9 but on the adjoining Krajic’s subdivision lots 28, 29 and 30 as well. Dilesh Enterprises, Inc., (Dilesh), is the owner of the motel that now operates on these six lots of the subdivision. Dilesh, the successor in interest to the rights in the easement, brought an action to enjoin Villa Riviera Club, Inc. (Villa Riviera), the owner of the servient property, from blocking the easement. The trial court granted the injunction in a summary judgment. We affirm in part, reverse in part, and remand this matter to the trial court.
We do not disagree with the trial court’s findings that the easement runs with the land, has not been abandoned, and that its blockage by the servient tenant should not continue. Our concern is with the trial court’s denial of Villa Riviera’s motion to amend its pleadings. Villa Riviera sought to amend its answer to include a counterclaim in which it asked the trial court to interpret the scope of the easement. Prior to this motion to amend, neither Villa Riviera nor Dilesh had requested the trial court to address the issue of the scope of easement. The only relief previously sought by either party had been a determination of the validity vel non of the easement.
While Villa Riviera’s motion to amend was furnished to Dilesh’s counsel *1117 only five days before the hearing on the motion for summary judgment, the determining factor in granting or refusing a motion to amend is the prejudice that the opposing party would incur if the motion was granted. Horacio O. Ferrea North American Division, Inc. v. Moroso Performance Products, Inc., 553 So.2d 336 (Fla. 4th DCA 1989) (“The crucial consideration in both motions to amend and motions to amend to conform with the evidence is the test of prejudice”). Dilesh cannot show it would have been prejudiced by the amendment. In its own motion for summary judgment, Dilesh, in fact, indicates awareness of the issue possibly being raised by asserting that Villa Riviera “has failed to prove, and cannot prove that Dilesh is attempting to expand the use of the easement.”
The summary judgment in favor of Dilesh should have been entered with leave being given to Villa Riviera to amend. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963) (where matters are presented that indicate the unsuccessful party may have cause of action not yet pleaded, proper procedure is to enter the summary judgment with leave to amend); accord, B.P. Development and Management Corp. v. P. Lafer Enterprises. Inc., 538 So.2d 1379 (Fla. 5th DCA 1989). The trial court’s summary judgment declaring that the easement runs with the land and has not been abandoned or invalidated is affirmed. The order is reversed to the extent it denies Villa Riviera the opportunity to challenge the scope of the easement.[2]
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
W. SHARP, and THOMPSON, JJ., concur.

. This subdivision is recorded in Plat Book 10, Page 17 of the Brevard County public records.

. In so ruling, we make no judgment as to the scope of the easement, an issue that is not before this court.