855 So.2d 169 (2003)
Marvin I. HOROWITZ and Horowitz & Gudeman, P.C., Appellants,
v.
Edward LASKE & Ruth E. Laske, etc., Appellees.
No. 5D98-1944.
District Court of Appeal of Florida, Fifth District.
August 29, 2003.
Rehearing Denied October 2, 2003.
*171 Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellants.
Marvin I. Horowitz, Farmington Hills, pro se.
Robert E. Austin, Jr. and Bradford D. Fisher of Austin & Pepperman, P.A., Leesburg, for Appellees.
THOMPSON, J.
This case is on remand from the Florida Supreme Court. Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002). In Wendt, the supreme court reversed Horowitz v. Laske, 751 So.2d 82 (Fla. 5th DCA 1999), in which we held that the trial court erred in denying a motion to dismiss for lack of long-arm jurisdiction. The supreme court reversed and remanded the case to this court to make the threshold determinations of whether Wendt's third-party complaint against Horowitz states a cause of action, and if so, whether the cause of action arose out of communications Horowitz made into Florida.
This case arose out of a failed investment scheme. Investors were told that they would receive interest on loans they made to K.D. Trinh Investments, Inc. ("K.D.Trinh"), a Canadian corporation. Bernard Wendt was a Florida resident who solicited investors for K.D. Trinh. Investors Edward and Ruth Laske filed a class action against Wendt, alleging that he was a broker and promoter of the promissory notes, which turned out to be worthless, and that the sale of the notes violated securities laws. They alleged that K.D. Trinh had been conducting a Ponzi scheme.
Wendt filed an amended third-party complaint against Horowitz, a Michigan resident who had given legal advice to K.D. Trinh, and Horowitz' Michigan law firm (collectively "Horowitz"). In the jurisdictional statement, Wendt alleged that Horowitz committed a tortious act in Florida by negligently responding to inquiries about the scheme made by Florida securities regulators and by negligently drafting loan documents that were knowingly intended by Horowitz to be evidence of loans to be made by Florida residents. Wendt also alleged that Horowitz caused personal injuries in Florida by negligently advising K.D. Trinh about the investment program.
In the first count against Horowitz, count VII of the third-party complaint, Wendt sought contribution from Horowitz. The jurisdictional allegations were incorporated into this count. Wendt also alleged that Horowitz entered an attorney-client relationship with K.D. Trinh to provide K.D. Trinh legal services in connection with the loans. Thereafter, Wendt alleged, Horowitz provided legal services to K.D. Trinh for the use of K.D. Trinh and *172 for the use of individuals promoting the loans. Further, Wendt alleges that the legal services were intended for the use and benefit of individuals promoting the loans, and Horowitz knew that individuals promoting the loans would rely on the legal services provided by Horowitz. Wendt alleged that he was "a member of the class by whom and for whom the legal services of Horowitz ... were intended and expected to be used." Wendt alleged that Horowitz negligently analyzed the loans and notes, negligently advised K.D. Trinh about securities laws, and negligently responded to state regulators. Wendt alleged that certain investors claimed that Wendt was responsible for their damages and that he was entitled to contribution from Horowitz.
In count VIII, Wendt sought indemnity from Horowitz. The jurisdictional allegations were incorporated into this count, as were the allegations that Horowitz provided K.D. Trinh legal services that would be used by the promoters of the loans and that Wendt was "a member of the class by whom and for whom the legal services of Horowitz ... were intended and expected to be used." Wendt further alleged that he fulfilled any fiduciary duty (to the investors, presumably) he may have had by exercising due diligence and investigating through reliable sources K.D. Trinh's reputation as a legitimate business. He alleged that he had had no reason to know that the loans and the notes were not lawful or that the transactions might violate Florida law. Wendt alleged that he was without fault, that his responsibility, if any, was constructive or derivative, and that he was entitled to indemnification from Horowitz for any damages awarded against him.
In Count IX, the jurisdictional allegations were incorporated, as were the allegations that Horowitz provided K.D. Trinh legal services that would be used by the promoters of the loans and that he was "a member of the class by whom and for whom the legal services of Horowitz ... were intended and expected to be used." Wendt alleged that he would not have made a loan or presented the loans to his customers if he had known that the loans were not lawful. As a result of the negligence of Horowitz, Wendt alleged, certain of his customers lost their principal and refused to do further business with Wendt. Also as a result of Horowitz' negligence, complaints were asserted against Wendt that resulted in his having been subjected to administrative charges, an administrative penalty, a federal securities class action, criminal charges, arrest, incarceration, and publicity in local newspapers causing him personal injuries, including embarrassment, humiliation, and emotional distress. Further, as a result of Horowitz's negligence, Wendt suffered mental anguish, loss of earnings, loss of the ability to earn money, defamation, and loss of business reputation.
On remand from the supreme court, this court ordered the parties to brief the issues raised by the supreme court. We also ordered the parties to identify the tort alleged in the complaint along with its elements, and to state what ultimate facts pleaded in the complaint satisfied the elements of the tort. Our order was not idle, Florida is a fact-pleading jurisdiction. Continental Baking Co. v. Vincent, 634 So.2d 242, 244 (Fla. 5th DCA 1994); see also Goldschmidt v. Holman, 571 So.2d 422, 423 (Fla.1990) ("Florida Rule of Civil Procedure 1.110(b)(2) requires that `[a] pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief'"). Florida's pleading rule forces counsel to *173 recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort. Continental Baking Co., 634 So.2d at 244. Furthermore, at the outset of a suit, litigants must state their pleadings with sufficient particularity for a defense to be prepared. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp., 537 So.2d 561 (Fla.1988).
The complaint in the instant case falls mightily short. To state a cause of action for legal malpractice a plaintiff must show: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client. Bolves v. Hullinger, 629 So.2d 198 (Fla. 5th DCA 1993). The liability of attorneys for negligence in the performance of their professional duties is limited to clients with whom they share privity of contract. Angel, Cohen and Rogovin v. Oberon Inv., N.V., 512 So.2d 192, 194 (Fla. 1987). Here, Wendt has alleged the employment of Horowitz, but he has alleged that Horowitz was employed by K.D. Trinh, not by Wendt. The privity requirement has been relaxed where it was the apparent intent of the client to benefit a third party. Id. Wendt alleges that he was among the "class" of those intended to benefit from Horowitz's advice. However, that is a legal conclusion devoid of ultimate facts supporting it. Without more, the fact that Wendt was an agent of K.D. Trinh, the client, does not establish that Horowitz owed a duty to Wendt. Compare Brennan v. Ruffner, 640 So.2d 143 (Fla. 4th DCA 1994) (holding that in the absence of special circumstances or an agreement to also represent the shareholder individually, an attorney representing a corporation does not become the attorney for the individual stockholders merely because the attorney's actions on behalf of the corporation may also benefit the stockholders).
Moreover, Wendt has not pleaded the attorney's neglect of a reasonable duty. Wendt has alleged that Horowitz was negligent in responding to the inquiries of state regulators, in analyzing securities laws, and in advising K.D. Trinh, but these allegations are bare legal conclusions. See Rios v. McDermott, Will & Emery, 613 So.2d 544 (Fla. 3d DCA 1993) (affirming dismissal of complaint where complaint did not state what law firm may have done wrong in its efforts to remove the lis pendens and did not illuminate any of the specifics of the alleged malpractice); see also Bankers Trust Realty, Inc. v. Kluger, 672 So.2d 897 (Fla. 3d DCA 1996) (complaint, which merely stated that attorneys "negligently, carelessly, unskillfully and tardily conducted the ... action and delayed obtaining a judgment therein" stated insufficient legal conclusion and was properly dismissed for failure to state a cause of action). Indeed, Wendt does not allege that he was privy to the advice Horowitz gave K.D. Trinh or to the statements Horowitz made to state regulators.
Because the alleged professional negligence of Horowitz provides the underpinning for the three counts of the counter-claim, they do not state causes of action. Contribution, the claim asserted in count VII, is exclusively a statutory remedy. Florida Patient's Compensation Fund v. St. Paul Fire & Marine Insurance Co., 559 So.2d 195, 197 (Fla.1990). Section 768.31, The Uniform Contribution Among Tortfeasors Act, provides:
(2) Right to contribution.
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the *174 same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
The law of contribution is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury. Nesbitt v. Auto-Owners Ins. Co., 390 So.2d 1209 (Fla. 5th DCA 1980). To state a claim for contribution, the claimant must allege a common liability to the injured party. Insurance Co. of North America v. Quality Commercial Group, Inc., 687 So.2d 960 (Fla. 5th DCA 1997). Wendt has not stated a cause of action for contribution because there are no ultimate facts alleged which would show that Horowitz is liable to the investors.
In count VIII, Wendt sought to be indemnified by Horowitz for the investors' losses, alleging that he was without fault because he diligently investigated K.D. Trinh's reputation and had no reason to know that the investment scheme was unlawful. The right to indemnity arises through express or implied contract. City of Clearwater v. L.M. Duncan & Sons, Inc., 466 So.2d 1116, 1118 (Fla. 2d DCA 1985). Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other, and is available only where the whole fault is in the one from whom indemnity is sought. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979). It shifts the entire loss from one who, although without fault, has been obligated to pay because of some vicarious, constructive, derivative, or technical liability to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable. Id. at 493. For the right to indemnification to arise, there must be a special relationship between the parties that gives rise to the technical liability of the would-be indemnitee. See id. (the allowance of indemnity is premised upon a special relationship between the primary defendant and the third-party defendant). Here, Wendt has failed to allege ultimate facts showing a special relationship between him and Horowitz that would make Wendt technically liable for wrong acts on the part of Horowitz.
According to Wendt, count IX states a claim under the "wrongful act doctrine," which he nevertheless acknowledges is not an independent cause of action. Where a defendant has committed a wrong toward the plaintiff and the wrongful act has caused the plaintiff to litigate with third persons, the wrongful act doctrine permits the plaintiff to recover, as an additional element of damages, plaintiff's third party litigation expense. State Farm Fire & Cas. Co. v. Pritcher, 546 So.2d 1060, 1061-62 (Fla. 3d DCA 1989). We conclude that this is a claim for damages, including special damages, for legal malpractice. Because Wendt has not alleged a factual basis for legal malpractice claim, as discussed above, count IX also fails.
Where the threshold question of jurisdiction turns on whether a tort is committed in Florida, the court necessarily must review the allegations of the complaint to determine if a cause of action is stated. Wendt, 822 So.2d at 1260 (citing 8100 R.R. Ave. Realty Trust v. R.W. Tansill Constr. Co., 638 So.2d 149, 151 (Fla. 4th DCA 1994)). The order denying the motion for lack of jurisdiction is reversed because, since there is no cause of action alleged, there is no basis for personal jurisdiction. See 8100 R.R. Ave. Realty Trust, 638 So.2d at 151.
REVERSED.
GRIFFIN and TORPY, JJ., concur.