881 So.2d 677 (2004)
RANGER CONSTRUCTION INDUSTRIES, INC., Appellant,
v.
MARTIN COMPANIES OF DAYTONA, INC., et al., Appellees.
No. 5D02-4056.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
*678 Jack J. Aiello and Paul A. Turk, Jr. of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for Appellant.
John H. Dannecker of Shutts & Bowen, Orlando, for Appellees.
Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Appellees.
SAWAYA, C.J.
Ranger Construction Industries, Inc. appeals the final summary judgment entered in favor of Martin Companies of Daytona, Inc., Martin, Ward & Martin, Inc., Robert Martin, Robert Ward, and Richard Martin (collectively "Martin") on the third-party complaint filed by Ranger against Martin. Ranger argues that the trial court erred by essentially dismissing its third-party complaint against Martin with prejudice, contending that Ranger's third-party claim complied with the Florida Rules of Civil Procedure and that even if the claim was defective, the trial court should have granted Ranger at least one opportunity to amend the pleading.[1]
Prior to 1997, Ranger and Martin were separate entities engaged in, among other things, road building and site development projects. Martin had performed work on Phases II and III of a manufactured home community project in Ormond Beach owned by Aberdeen at Ormond Beach, L.P. In late 1997, Ranger purchased the assets of Martin pursuant to an Asset Purchase Agreement (APA) that governed the transaction. In December 1998, approximately one year after execution of the APA, Ranger entered into a contract with Aberdeen to perform work on Phase III of the project. When Ranger completed its work, Aberdeen refused to pay the full amount due, which prompted Ranger to *679 file an action to obtain a lien and payment of the balance. Aberdeen's response to the suit was a counterclaim that alleged that Ranger had performed defective work on the project. The counterclaim was the impetus for Ranger's third-party complaint against Martin based on the indemnity provisions of the APA. The third-party complaint consisted of two counts: one alleged common law indemnity, which is not at issue in these proceedings, and the other asserted contractual indemnity, which is the basis of the instant proceedings.
Attached to the third-party complaint was a copy of the APA, which sets out in Article V the indemnification provisions. Specifically, section 5.1 states that Martin
shall jointly and severally indemnify, defend and hold harmless the Buyer [Ranger] ... from and against any direct or indirect damage, claim, loss, cost or expense suffered (or deemed suffered, as hereinafter provided) by the Buyer, in whole or in part, as a consequence of:
(1) the Retained Liabilities;
(2) any breach or violation by the Sellers of the representations or warranties of the Sellers in this Agreement or any certificate or instrument delivered at the Closing; and
(3) any other breach or violation of this Agreement by the Sellers.
"Retained Liabilities" is defined in the APA to include "all liabilities of the Sellers in respect of customer warranty claims and products liability claims on products shipped and services provided on or prior to the Closing Date." Section 5.1 also made Martin liable for
all costs, expenses and reasonable attorneys' and paralegals' fees (including those for arbitrations, trials, appeals and administrative and bankruptcy proceedings) incurred by the Buyer in connection with the defense of any third party claim asserted against the Buyer [but only to the extent that the Sellers shall not provide a timely defense thereto as contemplated by Subsection 5.1(c) hereof] and (B) all costs, expenses and reasonable attorneys' and paralegals' fees (including those for arbitrations, trials, appeals and administrative and bankruptcy proceedings) incurred by the Buyer in connection with the enforcement against the Sellers of the Buyer's indemnity rights under this Agreement.
Martin moved for summary judgment on both counts of the third-party complaint. It was successful in obtaining judgment on the common law indemnity claim (Count II). That ruling is not challenged. Martin subsequently filed a renewed motion for summary judgment seeking judgment on Count I, the contractual indemnity claim. Towards the end of the hearing on the renewed motion, the trial court inquired whether Ranger had alleged any breach of warranty by Martin. Ranger admitted that it may not have used the word "warranty," but asserted that the facts alleged described a breach of warranty under the APA. Martin stepped up and labeled the court's query as "interesting" because nowhere was there a claim that Martin had breached its warranty as defined in the retained liability section of the APA. The court concluded the hearing by granting summary judgment in Martin's favor:
I'm going to grant the motion and the basis for that is that the contract, article five, describing indemnity, the specific area we're dealing with is retained liability.
The definition of a retained liability, I've read it and it goes on, the only area I see that possibly could apply would be, all liabilities of the sellers in respect to customer warranty claims and product liability claims on the products shipped *680 and services provided on or prior to the closing date, but Count I, the contractual liability, talks about  does not really describe any warranty.
I could not see any warranty referenced in any of the allegations of the third party complaint. I do see in paragraph 47 the allegation of Ranger being solely, vicariously or constructively or derivatively liable, and I can't stretch this to show how these facts would fit such liability. Anyway, I think what I'm going to do is just grant the motion.
Ranger requested leave to amend so that it could properly allege warranty and remove the derivative statement. The court denied the request. The summary final judgment rendered by the trial court stated that "Ranger shall not have leave to amend its pleadings to state additional or restated causes of action against the Martin Parties because this Court finds it is too late in the proceedings to do so. Ranger shall take nothing by this action as against the Martin Parties."
The basis for the trial court's ruling was that Ranger failed to plead or make appropriate reference to a warranty in the third party complaint and, therefore, it failed to state a cause of action upon which relief could be granted. Ranger contends that it was error for the trial judge to base its ruling on such a hyper-technical pleading requirement and that its third-party complaint did properly plead a cause of action for indemnity against Martin. We agree.
Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading. See Continental Baking Co. v. Vincent, 634 So.2d 242, 244 (Fla. 5th DCA 1994). However, while a complaint must allege sufficient facts to properly state a cause of action, the Florida courts long ago abandoned the intricate maze and complex structure of common law and equity pleading whereby the preparation of complaints and answers devolved into a rather unique and abstruse science, as though the correct manner of framing a litigant's allegations in writing was an end in itself. These rules were so venerated by some courts and crafty pleaders that a departure from any one of them could prove fatal and deprive an unwary but otherwise deserving litigant of rights actually due him or her. The ferment created by strict adherence to these technical rules aroused the courts in most jurisdictions to simplify procedure to reduce technicalities to a minimum and adopt procedural rules that allowed cases to be decided on their merits as expeditiously as possible.
In Florida, "[f]orms of action and technical forms for seeking relief and of pleas, pleadings, or motions are abolished." Fla. R. Civ. P. 1.110(a). The rules of civil procedure further provide that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief...." Fla. R. Civ. P. 1.110(b). Therefore, rather than intricate and complex allegations designed to plead a litigant to victory, brevity and clarity in the statement of the essential facts upon which the claim for relief rests are the hallmarks of good pleading. Hence, pleading is not an end in itself; rather, it is the means by which justice is achieved.
Perhaps under the common law rules, an affirmance of the final summary judgment would be appropriate. However, we conclude that the third-party complaint filed by Ranger in the instant case meets the pleading requirements of the Florida Rules of Civil Procedure and alleges *681 sufficient facts to properly state a claim of contractual indemnity. Moreover, as we have noted, Ranger attached a copy of the APA to its complaint and Martin knew that the claim for indemnity was based on that agreement. Additionally, Ranger's third-party complaint alleged the necessary facts with sufficient particularity to allow Martin to prepare a proper defense. See Horowitz v. Laske, 855 So.2d 169, 173 (Fla. 5th DCA 2003). Failure to specifically allege or reference warranty in the third-party complaint is not a pleading error and it may not form the basis for summary judgment in favor of Martin.[2]
Martin alternatively contends that summary judgment was appropriate because Ranger was not sued by Aberdeen in respect to a warranty claim under the APA relating to work performed under the construction contract between Martin and Aberdeen; rather, Ranger was sued solely for breach of the construction contract it entered into with Aberdeen. We disagree because Martin's argument incorrectly focuses on the allegations of Aberdeen's complaint, which avers that Aberdeen believed that Ranger was liable. The purpose of third-party pleading is to allow a defendant to bring into the suit the party "who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant...." Fla. R. Civ. P. 1.180(a). The third-party plaintiff  the defendant in the initial suit  is not bound by the allegations of the plaintiff as to who was negligent or liable.[3] Therefore, we reject Martin's argument that Aberdeen's *682 allegations that Ranger was liable thereby exonerate Martin from third-party liability. Accordingly, we conclude that the basis for the summary judgment in favor of Martin was legally flawed, and it must be reversed. We note parenthetically that this case proceeded to trial without Martin and a verdict was rendered in favor of Ranger. Hence, Ranger is apparently pursuing its rights in this appeal so that it may recover its fees and costs from Martin under section 5.1 of the APA quoted earlier. This does not change our analysis or conclusion. We express no opinion on the merits of Ranger's indemnity claim. We simply hold that the basis for the trial court's summary judgment was legally incorrect. Whether Ranger will be able to establish that it was entitled to indemnity under the terms of the APA, and hence assert its right to recover its costs and fees from Martin, is a matter to be resolved by the trial court upon remand.
REVERSED and REMANDED.
SHARP, W. and TORPY, JJ., concur.
NOTES
[1] Ranger also argues that the basis on which the trial court dismissed the third-party complaint was not raised in the motion for summary judgment and was thus not a proper basis for the court's ruling. Ranger further contends that even if its contractual indemnity claim could not properly be pursued as a third-party claim, the trial court lacked discretion to terminate the claim with prejudice. Our resolution of the issue we address in this opinion renders these issues moot.
[2] Even if this was a proper basis to grant summary judgment, Ranger should have been allowed to amend its third-party complaint regardless of the fact that the motion to amend was made at the summary judgment hearing. See Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422-23 (Fla. 5th DCA 2003) ("A party may, with leave of court, amend a pleading at or even after a hearing and ruling on a motion for summary judgment.") (citing Cardona v. Benton Exp., Inc., 804 So.2d 505 (Fla. 3d DCA 2001); Assad v. Mendell, 550 So.2d 52 (Fla. 3d DCA 1989)); Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So.2d 1132, 1134-35 (Fla. 5th DCA 1998) (noting that even though Gate Lands had not sufficiently stated a claim for common law indemnity and it was unclear whether it even could, "we cannot ignore the fact that Gate Lands made an ore tenus motion at the summary judgment hearing to amend its amended third party complaint to state a cause of action for common law indemnity against the Third Party Defendants"; holding that the trial court abused its discretion in refusing to allow amendment); Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc., 637 So.2d 968, 970 (Fla. 5th DCA 1994) (observing, "Leave to amend should be freely given, the more so when a party seeks such a privilege at a hearing on a summary judgment motion and when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought.") (citing Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137, 141 (Fla. 3d DCA 1977)); B.P. Dev. & Mgmt. Corp. v. P. Lafer Enters., Inc., 538 So.2d 1379 (Fla. 5th DCA 1989).
[3] L.M. Duncan & Sons, Inc. v. City of Clearwater, 478 So.2d 816 (Fla.1985) (holding that where plaintiff/contractor's employee alleged that city was solely negligent in allowing injury to occur, city could properly bring third-party action naming contractor as the actively negligent party and seek contractual indemnity from the contractor); Sunspan Eng'g & Constr. Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4, 7 (Fla.1975) (observing that third-party actions are a "procedural mechanism to settle all related rights and liabilities in pertinent litigation at one time"); Welch v. Complete Care Corp., 818 So.2d 645 (Fla. 2d DCA 2002) ("A party seeking indemnity is not locked in by the injured person's allegations against it in the underlying lawsuit.") (citations omitted); Safecare Med. Ctr. v. Howard, 670 So.2d 1020, 1023 (Fla. 4th DCA 1996); Okuboye v. Hubert Rutland Hosp., 466 So.2d 342, 343 (Fla. 2d DCA) (holding that with respect to indemnity actions, the negligence of the party seeking indemnity is not established solely by the allegations in the injured party's complaint), pet. for review denied, 476 So.2d 674 (Fla.1985).