**INTERSTATE FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**KLUGER, PERETZ, KAPLAN & BERLIN, P.L., Federal Insurance Company and Axis Insurance Company, Defendants.**

**Case No. 11–22867–CIV.**

United States District Court, S.D. Florida, Miami Division.

April 16, 2012.

## ORDER ON MOTIONS TO DISMISS

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant Federal Insurance Company's Motion to Dismiss Count I of Amended Complaint (D.E. No. 32) and Defendant, Axis Surplus Insurance Company's Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint (D.E. No. 40). Plaintiff Interstate Fire & Casualty Company ("Plaintiff" or "Interstate") has filed suit against Defendants Kluger Peretz, Kaplan & Berlin, P.L. ("Kluger"), Federal Insurance Company ("Federal"), and Axis Surplus Insurance

Company ("Axis") for declaratory judgment and contribution or indemnity. After careful consideration and for the reasons set forth below, the Court grants Federal's motion to dismiss and grants in part and denies in part Axis's motion to dismiss.

## I. Relevant Factual and Procedural Background

Plaintiff alleges that it issued an excess professional liability insurance policy, policy number EUJ–1001252, to Kluger for the period of December 12, 2007 to December 12, 2008. (D.E. No. 27, Amended Complaint at ¶ 7). This policy provided coverage to Kluger for claims of up to $5 million in excess of Federal's underlying $5 million professional liability policy. *Id.* Defendant Axis similarly provided excess professional liability coverage, policy number EGN 711167/01/2006, to Kluger for the preceding year, i.e. December 12, 2006 to December 2007. *Id.* at ¶ 14. The Axis policy also provided coverage to Kluger for claims up to $5 million in excess of Federal's underlying $5 million professional liability policy. *Id.*

In a letter dated November 15, 2007, Kluger notified Federal and AXIS under their respective 2006–2007 primary and excess policies that the firm had been named in certain legal actions, which appear to have been consolidated into a bankruptcy action in the Southern District of New York, and that it could potentially become involved in litigation relating to one of the firm's clients, "OKVN." *Id.* at ¶ 17. The amended complaint states that the November 15, 2007 letter stated as follows:

"At this point, we are unable to advise you of the likely consequences of these actions. We have retained Richard Critchlow and Deborah Corbishley of Kenny Nachwalter PA. to assist us in connection with the pending and threatened litigation and in our efforts to withdraw from the representation of Okun.[1] In addition, we have retained Edward Shohat and John Sales to assist the firm and its partners with responding to the U.S. Attorney investigations. We anticipate the need for counsel in the bankruptcy court in New York, the state court in Massachusetts, and possibly in Miami as well. Among the issues that will require coordination are the resolution of attorney-client privilege questions, responses to courts, our soon to be former client, and opposing counsel, and responses to litigation.

"In the event any claim is made, please consider it to be a claim to have [sic] occurred in this policy year. Please confirm with us that you have received this and how we need to proceed from here."

*Id.*

In response to Kluger's November 15, 2007 letter, Federal responded in a letter dated February 8, 2008 that stated as follows:

"According to the materials received, it appears that no Claim as defined in the Policy has been made at this time. Since no Claim has been made against any Insured, there is presently no coverage under the Insuring ·Clause of the Policy ... I also note the request contained in your November 15, 2007 correspondence that 'in the event any claim is made' that we consider it to be a Claim 'to have occurred in this policy year.' ...

"Based on the information submitted to date, it does not appear that any Wrongful Acts, or any consequences or damages resulting from a Wrongful Act, have been described. Accordingly, we

---

1. The amended complaint states "Okun" in this quote and "OKVN" in the preceding paragraph.

will not treat any subsequent Claim as if it had been made during the Policy Period."

*Id.* at ¶ 18. Plaintiff states that in a subsequent letter, Axis adopted Federal's position, as stated above, and rejected Kluger's claim. *Id.* at ¶ 19.

On July 2, 2008, Kluger wrote another letter to Federal, which enclosed an e-mail from the bankruptcy trustee in the underlying actions stating that the trustee "intended to assert claims against ... [Kluger] for negligence and legal malpractice 'in connection with ... [Kluger's] legal representation of the 1031 Debtors and the IPofA Debtors, which commenced on or about November 25, 2006.'" *Id.* at ¶ 20. The July 2, 2008 letter stated:

> "As you know we advised you of this potential claim on November 15, 2007 and you rejected it by letter dated February 8, 2008. As a result we have recently received a letter from Axis also rejecting the claim. We ask that you now correct this rejection and provide coverage for this matter under both the 2007 and policies and that you advise Axis of this change of stance."

*Id.* Plaintiff states that Federal responded on July 31, 2008 and "expressed its conclusion that the matter constituted a claim under the 2007–2008 policy but did not trigger coverage under the 2006–2007 policy." *Id.* at ¶ 21. Federal eventually tendered the $5 million limits to Kluger under one of its primary policies "but expressly without specifying which, to be used to settle the underlying actions." *Id.* at ¶ 22.

Plaintiff also alleges that "[p]ursuant to a Loan Receipt and Non–Waiver Agreement between Interstate and ... [Kluger] ..., Interstate ultimately tendered its $5 million excess limit under the 2007–2008 Excess Policy to the insured to be used to settle the underling actions, subject to the express reservations of all rights to seek any necessary declaratory judgments and/or contribution or indemnity from AXIS." *Id.* at ¶ 23. Plaintiff alleges that by combining the $5 million tendered by Interstate with the $5 million tendered by Federal, Kluger obtained a release of all claims against it in the underlying actions. *Id.* at ¶ 24.

Interstate has now filed suit against Kluger, Federal, and Axis. In Count I of the amended complaint, Interstate seeks a declaratory judgment against Federal finding "that the $5 million tendered by ... [Federal] to the insured for settlement of the underlying actions should be deemed to have been paid under the 2006–2007 ... [Federal] Primary Policy and further seeks a judicial declaration that the limits of the ... 2007–2008 ... [policy] have not been exhausted and remain in full force and effect." *Id.* at ¶ 29. Interstate also seeks a declaration that because the excess policy limits of the underlying primary policy are not exhausted, Interstate's policy is "not triggered." *Id.* In Count II, Interstate seeks a declaratory judgment against Axis that the 2006–2007 Axis excess policy was triggered by Kluger's claim and that Axis's limits should have been tendered to Kluger for use in settling the underlying litigation. In Count III, Interstate seeks indemnification or contribution from Axis on the same grounds. Axis and Federal have now both filed motions to dismiss.

## II. Analysis

Federal moves to dismiss Count I of the amended complaint, arguing that there is no case and controversy. Axis moves to dismiss Counts II and III. With regard to Count II, Axis argues that this count should be dismissed because coverage was never triggered under the 2007 policy year, because there is no case and controversy, and because no present dispute exists between Interstate and Axis that would permit declaratory judgment as a

matter of law. With regard to Count III, Axis argues that Interstate has failed to state a claim for indemnity or contribution. The Court finds both Counts I and II should be dismissed as there is no case and controversy[2] as the allegations relate only to past injury and that Count III should be dismissed only as it relates to contribution.

First, the Court finds that Counts I and II should be dismissed. Federal and Axis argue that Counts I and II, respectively, should be dismissed because there is no case and controversy as these claims relate only to a past injury and as there is no present dispute between Interstate and Federal in Count I and Axis in Count II. The Court agrees that these claims relate only to past injury and declines to reach Defendants' arguments relating to whether or not there is a present dispute.

■■■■ "The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). "The Declaratory Judgment Act, 28 U.S.C. § 2201,[3] echoing the case or controversy requirement of [A]rticle III of the Constitution provides that a declaratory judgment may only be issued in the case of an actual controversy." *Walden v. Centers for Disease Control and Prevention*, 669 F.3d 1277, 1284 (11th Cir.2012) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir.1985)) (internal quotation marks omitted). "That is under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory*, 756 F.2d at 1552. In addition, "[i]n order to demonstrate that a case or controversy exists ... when a plaintiff is seeking in-

junctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney*, 193 F.3d at 1346. Thus, "in order for this Court to have jurisdiction to issue a declaratory judgment, which is the only redress sought" in Counts I and II, Plaintiff "must assert a reasonable expectation that the injury ... [it has] suffered will continue or will be repeated in the future." *Id.* at 1347.

■■■■ Here, the amended complaint does not contain any allegations which could reasonably support a finding that Plaintiff is likely to be subject to any future injury. In this case Plaintiff has already paid out its excess policy limits to Kluger. Plaintiff is seeking a declaration as to past events, namely as to the propriety of Federal's refusal of Kluger's claim under the earlier policy and the propriety of Axis's refusal, and past injuries, namely Interstate having to pay out on its excess policy. "Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Id.* at 1348; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. International Wire Group, Inc.*, No. 02 Civ. 10338(SAS), 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003) (finding that "[t]here is no basis for declaratory relief where only past acts are involved" and finding that an insurance company did "not seek a prospective determination of its rights and responsibilities under the insurance contract (so that it can avoid future damages), but rather a finding that it is not liable for damages alleged to have already accrued."). Accordingly, this Court finds that Plaintiff's claim for declaratory judgment in Counts I and II fail

---

**2.** The Court declines to reach the other arguments asserted by Axis relating to Count II.

**3.** The amended complaint references only the Federal Declaratory Judgment Act. *See* (D.E. No. 27, Amended Complaint at ¶ 5).

to satisfy the "case or controversy" requirement of Article III or the "actual controversy" requirement of 28 U.S.C. § 2201. Accordingly, these claims are dismissed for lack of standing.[4]

Next, Axis moves to dismiss Count III, which is a claim for indemnity or contribution, arguing that Interstate has failed to state a claim upon which relief may be granted. When reviewing a complaint under Rule 12(b)(6), the court is limited to the four corners of the complaint and accepts all well-pleaded allegations as true, viewing the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir.2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Dismissal, however, is appropriate where "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

 First, Axis argues that Interstate may not recover for contribution because "the term contribution refers exclusively to the right of recovery of one tortfeasor against another tortfeasor." (D.E. No. 40 at 17). "The law of contribution is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury." *Horowitz v. Laske*, 855 So.2d 169, 174 (Fla. 5th DCA 2003). "To state a claim for contribution, the claimant must allege a common liability to the injured party." *Id.* Here, Plaintiff has failed to allege a common liability to an injured party. Instead, Plaintiff has alleged that another excess insurance company, namely Axis, should have had to pay Plaintiff for its claims instead of Interstate tendering its policy limits. This is not a claim for common liability. Accordingly, this Court dismisses Count III to the extent Plaintiff is seeking contribution in this count.

 Axis also argues that Interstate has failed to state a cause of action for indemnity. In order to state a claim for common law indemnity, "the party who seeks indemnity must be wholly without fault and the party against whom indemnity [is] sought must be guilty of negligence." *Gate Lands Co. v. Old Ponte Vedra Beach Condominium*, 715 So.2d 1132, 1134 (Fla. 5th DCA 1998). In addition, "the party who seeks indemnity ... [must be] obligated to pay only because of some vicarious, constructive, derivative or technical liability to another." *Id.* Here, the Court finds that Plaintiff's allegations sufficiently meet this standard. Plaintiff has alleged that Axis wrongfully denied Kluger coverage under its excess policy. (D.E. No. 27, Amended Complaint at ¶¶ 36, 37). Interstate alleges that it tendered the limits of its policy "to be used in settlement of the underlying actions to protect itself and the insured from greater liability, Interstate paid a debt that it did not owe, but rather a debt that was owed by

---

4. Plaintiff has relied on *Pacific Indemnity Co., et al. v. Fireman's Fund Insur. Co., et al.*, No. 06–61117–CIV, 2008 WL 345540 (S.D.Fla. Feb. 6, 2008) in opposition to the Defendants' motions to dismiss based on case and controversy. *Pacific Indemnity*, however, does not discuss case and controversy or standing, and the Court finds this case, which is persuasive authority at best, is inapplicable to this issue.

AXIS." *Id.* at ¶ 38. Thus, the Court denies Axis's motion to dismiss Count III with regard to the claim for indemnification.[5]

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant Federal Insurance Company's Motion to Dismiss Count I of Amended Complaint (D.E. No. 32) is **GRANTED** and Defendant, Axis Surplus Insurance Company's Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint (D.E. No. 40) is **GRANTED in part** and **DENIED in part.** The motion is granted in that Counts I and II are dismissed, and the contribution claim in Count III is dismissed. The motion is denied in all other respects.

2. Axis Surplus Insurance Company's Request for Oral Argument on its Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint (D.E. No. 51) is **DENIED.**

---

**5.** Axis also moves to dismiss Plaintiff's request for "penalties, attorneys' fees or similar additional amounts," stating that Plaintiff has not cited a statutory or contractual basis for such fees. The Court declines to dismiss Plaintiff's request at this time. Axis may address this issue in a response to any motions for fees Plaintiff may file.