John MALOWNEY, Susan L. Malowney, Plaintiffs-Appellants,

v.

FEDERAL COLLECTION DEPOSIT GROUP, Charles K. Mayall, et al., Defendants-Appellees.

No. 98-2610.

United States Court of Appeals,

Eleventh Circuit.

Oct. 29, 1999.

Appeal from the United States District Court for the Middle District of Florida.(No. 96-2585-CIV-T-24C), Susan C. Bucklew, Judge.

Before CARNES and BARKETT, Circuit Judges, and PAINE[*], Senior District Judge.

CARNES, Circuit Judge:

The plaintiffs, John and Susan Malowney, appeal from the district court's order dismissing Count I of their amended complaint. For the reasons set forth below, we affirm.

## I. BACKGROUND

The facts, as alleged in the Malowneys' amended complaint, are as follows. In 1987, Freedom Savings and Loan Association ("Freedom") obtained a state court judgment against John Malowney, in the Circuit Court for Hillsborough County, Florida. In an effort to collect the judgment, Freedom hired Charles and Justin Mayall. After the Mayalls' efforts proved unsuccessful, Freedom, on the advice of its lawyer, Kass Hodges, filed with the Clerk of the Circuit Court of Hillsborough County, Richard Ake, a motion for a writ of garnishment pursuant to section § 77.03 of the Florida Code.

On May 17, 1995, Ake issued the writ of garnishment, which was directed to the Army National Bank where John Malowney and his wife, Susan, maintained a checking account. On May 26, 1995, Army National Bank, as garnishee, froze the funds in the Malowneys' checking account. As a result, the

---

[*]Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

Malowneys' funds were made unavailable to them and the Bank refused to honor checks written on their account.

The complaint is void of any indication that the Malowneys received notice as mandated by the Florida post-judgment garnishment statute, section § 77.055 of the Florida Code. That section requires the judgment creditor to serve, by mail, "a copy of the writ, a copy of the [garnishee's] answer, a notice, and a certificate of service" on the judgment debtor. The required notice must advise the judgment debtor that he may move to dissolve the writ under section § 77.07(2) of the Florida Code, and that he may have exemptions from the garnishment which can be asserted as defenses. The Malowneys did not become aware of the garnishment until they contacted the Bank concerning their returned checks.

The only funds in the Malowneys' checking account at the time of garnishment were social security disability benefits and United States Army retirement benefits, both of which are exempt from garnishment under federal law. All of the funds attached by the writ of garnishment were subject to exemption under federal law. Pursuant to section § 77.07 of the Florida Code, a judgment debtor may, by motion, obtain dissolution of a writ of garnishment by proving that the attached funds are exempt from garnishment under federal or state law. In this case, the writ of garnishment against the Malowneys' checking account, which contained only exempt funds, was dissolved on July 14, 1995 by order of the state circuit court.

On December 17, 1996, the Malowneys filed pro se their first complaint in federal district court naming Kass Hodges, Thomas Avrutis, Charles and Justin Mayall, the Federal Collection Deposit Group, First National Credit, Inc., Freedom Savings and Loan Association, and Richard Ake, in his official capacity as Clerk of the Circuit Court, as defendants. The complaint alleged claims for violations of various state and federal laws.

After obtaining counsel, the Malowneys filed an amended complaint on July 11, 1997.[1] The only count relevant to this appeal is Count I, because that is the only count the Malowneys discuss in their briefs

---

[1]An amended complaint supersedes an original complaint. *See Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 601 (5th Cir.1981).

to this Court. *See Rowe v. Schreiber,* 139 F.3d 1381, 1382 n. 1 (11th Cir.1998) (issues not argued on appeal are deemed abandoned); *Marek v. Singletary,* 62 F.3d 1295, 1298 n. 2 (11th Cir.1995) ("Issues not clearly raised in the briefs are considered abandoned.")[2]  In Count I, the Malowneys sued defendant Ake in his official capacity seeking only declaratory relief pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201.[3]  The Malowneys did not seek damages of any kind in Count I of the amended complaint.  Specifically, they sought a judgment declaring the notice provisions of section § 77.055 of the Florida Code unconstitutional because those provisions:  (1) failed to afford the plaintiffs due process;  and (2) violated the Supremacy Clause of the Constitution.[4]

---

[2]In their opening brief, at pages 10-11, the Malowneys describe the case as an action "against Richard Ake, who is the Clerk of the Circuit Court of Hillsborough County, Florida, seeking a declaration that the present system for post judgment garnishment as set forth in Chapter 77 of the Florida Statutes is unconstitutional." That is a description of Count I of the amended complaint, which was against Ake and no other defendant, and which sought only declaratory relief.  In their reply brief at page 8, the Malowneys expressly declare "that no monetary damages are sought against Ake, that only declaratory relief, which is prospective in nature, is sought."  Again, that is about Count I and Ake, not any other counts or defendants.  *See* n. 4, infra.

[3]Count I also sought certification of a defendant class action pursuant to Federal Rule of Civil Procedure 23(b)(2).  The complaint named Ake as the class representative of all clerks of the circuit courts of Florida, in their official capacity.  The district court did not grant class certification, and the Malowneys have not argued to us that the failure to do so was error.

[4]The Malowneys' amended complaint also contained Counts II and III. In Count II, the Malowneys sought class certification under Federal Rule of Civil Procedure 23(b)(3) against all defendants "except Ake." (We note that the words "except Ake" are manually crossed out in Count II of the amended complaint in the Record Excerpts which the Malowneys filed with us in this appeal.  However, the copy of the amended complaint contained in the official record does not have the language "except Ake" crossed out in that count. It does not matter, because the Malowneys make no arguments concerning Count II, but if they did we would accept as accurate the official record.)  In Count II, which explicitly excluded Ake as a defendant, the Malowneys asked for all relief permitted under 42 U.S.C. § 1983, including money damages.

In what they labeled as "Alternate Count II" in the complaint, the Malowneys claimed wrongful garnishment under state law, and sought damages against all defendants, "save Ake." In Count III, the Malowneys alleged violations of the Fair Credit Reporting Act against various defendants, but not Ake.

The district court dismissed Count II, "Alternate Count II", and Count III of the amended complaint.  Because the Malowneys have not argued before us that the dismissal of those counts was error, any issues involving them have been abandoned.  *See* n. 2, supra, and the accompanying text.

Subsequently, the State of Florida ("State") intervened to address the constitutionality of Florida's post-judgment garnishment statute. The State asked the district court to dismiss Count I of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), because the Malowneys had suffered no constitutional deprivation and as a result their claim was not cognizable.

On April 20, 1998, the district court dismissed the amended complaint, concluding in regard to Count I that the Florida post-judgment garnishment statute satisfies due process and is constitutional because it provides sufficient notice and an adequate opportunity to be heard. Accordingly, the court concluded that Count I failed to state a claim upon which relief could be granted.

The Malowneys contend that the district court's dismissal of Count I of the amended complaint was error. They argue that Florida's post-judgment garnishment statute is unconstitutional, and that they are entitled to a declaratory judgment pursuant to either 42 U.S.C. § 1983 or 28 U.S.C. § 2201, which should state that: (1) the statute violates due process, and (2) the statute is invalid under the Supremacy Clause of the Constitution.

## II. DISCUSSION

Before we can address whether the district court erred in finding, on the merits, that Florida's post-judgment garnishment statute was constitutional, we must address whether we have jurisdiction over this appeal. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) (federal courts are under an independent obligation to examine their own jurisdiction). Jurisdictional issues are questions of law which we decide *de novo. See, e.g., Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998).

Because the Malowneys failed to allege in their amended complaint any facts from which we could reasonably conclude that they will suffer future injury from the application of the statute they challenge as unconstitutional, we conclude they lack standing under either 42 U.S.C. § 1983 or 28 U.S.C. § 2201 to obtain declaratory relief concerning the statute, and we affirm the district court's dismissal of the amended

4

complaint. But we base our affirmance on that ground, instead of the ground used by the district court, which was that the complaint failed to state a cause of action.

The federal courts are confined by Article III of the Constitution to adjudicating only actual "cases" and "controversies." *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The Article III case or controversy requirement sets fundamental limits on the federal judiciary's power in our society. *Id.* One of the most important of these constitutionally-based limits is the requirement that a litigant have "standing" to invoke the power of a federal court. "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983); *Cone Corp. v. Florida Dep't of Transp.,* 921 F.2d 1190, 1205 (11th Cir.1991).

Consistent with the "cases" and "controversies" requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." *See Emory v. Peeler,* 756 F.2d 1547, 1551-52 (11th Cir.1985). Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. *Id.* at 1552. "The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (internal quotations omitted).

Thus, in order for this Court to have jurisdiction to issue a declaratory judgment, which is the only redress sought by the Malowneys in Count I, they must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future. *See Emory,* 756 F.2d at 1552. "The remote

5

possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* In this case, treating the allegations in the complaint as true and liberally construing the complaint in favor of the Malowneys, we conclude the amended complaint does not contain any allegations which could reasonably support a finding that the Malowneys are likely to be subject to future injury from the application of the statute they challenge.[5]

The complaint does not allege that the Malowneys have checking account funds likely to be subject to garnishment in the future. It does not even allege that the Malowneys are still judgment debtors. Even if we assume that the Malowneys still owe a judgment debt to Freedom, Freedom is now on notice that the Malowneys' checking account funds are exempt from garnishment under federal law. There is no basis to infer, and certainly it is not alleged, that Freedom will wrongfully attempt to have garnishment issued against an account it now knows to contain exempt funds. Perhaps we could speculate that the Malowneys are now, or will in the near future be, indebted to a different judgment creditor and as a result will have a garnishment issued against them under the challenged Florida statute. But that possibility is too speculative a basis upon which to rest jurisdiction. It is, in the words of *Emory v. Peeler,* 756 F.2d at 1552, "conjectural, hypothetical, or contingent," and not "real and immediate." There must be a substantial likelihood that the plaintiff will suffer future injury: a "perhaps" or "maybe" chance is not enough. *See Lyons,* 461 U.S. at 103, 103 S.Ct. 1660; *Cone Corp.,* 921 F.2d at 1205.[6]

---

[5]Although we must review a complaint to determine whether "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), when considering a motion to dismiss for failure to state a claim, we may look only to the facts alleged in the complaint and not beyond. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). The facts alleged in the complaint are sparse.

[6]*Finberg v. Sullivan,* 634 F.2d 50, 55 (3rd Cir.1980), involved different facts, because in that case the plaintiff remained a judgment debtor, and she was an elderly widow on a modest income, from which the court inferred that the judgment was likely to remain unsatisfied for some time. As we have stated, the Malowneys have not even alleged that they are still judgment debtors, much less that they are likely to remain such for some time. Accordingly, we need not and do not decide whether the facts in *Finberg* would be sufficient to meet the strictures of our *Emory* decision.

Further, in this case we hold there is no justiciable controversy because the Malowneys lack

6

Besides, the Malowneys' funds were released from attachment after a court found they were exempt under federal law, and the Malowneys' bank is now on notice that their checking account funds are exempt from attachment. There is no reasonable basis to believe that the bank will freeze the Malowneys' funds again and risk liability for doing so, since the bank now knows that the funds are exempt. The Malowneys have not alleged that their account currently contains any funds other than exempt funds, nor have they alleged that they have any other accounts. The mere remote possibility that in some imaginable circumstance the Malowneys could be subject to the challenged Florida statute again is "too remote to be labeled a controversy." *Emory,* 756 F.2d at 1552.

The Malowneys argue that since they have alleged they were subject to an injury in the past, the freezing of their assets without adequate notice as required by due process, they have suffered "an invasion of a legally protected interest which is ... concrete and particularized." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment. *See Emory,* 756 F.2d at 1552. We repeat: The Malowneys have only raised before us the dismissal of Count I, and that count sought only declaratory relief.

To sum up, the Malowneys' claim for declaratory judgment fails to satisfy the "case or controversy" requirement of Article III or the "actual controversy" requirement of 28 U.S.C. § 2201. *See Lyons,* 461 U.S. at 103, 103 S.Ct. 1660, *Emory,* 756 F.2d at 1552. Therefore, a declaration that the Florida post-judgment garnishment statute as applied in the past to these plaintiffs is unconstitutional "would [be] nothing more than a gratuitous comment without any force or effect." *Northern Virginia Women's Medical Center v. Balch,* 617 F.2d 1045, 1049 (4th Cir.1980). The Malowneys lack standing to bring an action for declaratory relief, and Count I of the amended complaint should have been dismissed on that ground. Because they have not argued

---

standing. We never reach the mootness issue.

7

to us that dismissal of the remainder of the amended complaint was error, the judgment of the district court is due to be affirmed.

AFFIRMED.[7]

---

[7]Appellant's motion for attorney's fees is denied.