[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14100
Non-Argument Calendar

_____

D.C. Docket No. 91-03052-CR-RV-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MICHAEL ADKINSON,
DANIEL A. KISTLER, et al.

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Northern District of Florida

_____

**(April 19, 2001)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Robert L. Collins and Daniel D. Kistler, each appearing pro se, and William Michael Adkinson and Ann Powell Minks, counseled, appeal the district court's denial of their applications, pursuant to the Hyde Amendment. See 18 U.S.C. § 30006A (statutory note), Pub.L.No. 105-119, § 617, 111 Stat. 2440, 2519 (1997), for reasonable attorney's fees and other litigation expenses incurred in their criminal trial. The appellants argue, inter alia, that the district court abused its discretion in denying their Hyde Amendment applications by failing to apply the proper legal standard and procedures, and by making clearly erroneous factual findings.

The Hyde Amendment provides that an award of reasonable attorney's fees shall be granted to a prevailing criminal defendant, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), if the defendant establishes that the government's prosecution was "vexatious, frivolous, or in bad faith." United States v. Gilbert, 198 F.3d 1293, 1296 (11th Cir. 1999). Under EAJA, a denial of attorney's fees is reviewed for an abuse of discretion. Id. An abuse of discretion occurs "if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award [or a denial] upon findings of fact that are clearly erroneous." Id. at 1297-98 (citations and internal

2

quotations omitted).  Upon review of the record in the district court, the briefs of the parties, and other pertinent documents, we conclude that the district court abused its discretion in denying the application under the facts of this case.

We base our conclusions on the facts meticulously recounted previously in United States v. Adkinson, 135 F.3d 1363 (11th Cir. 1998) ("Adkinson I"), and United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998) ("Adkinson II").  After Adkinson II was decided, the appellants filed Hyde Amendment applications to recover attorney's fees and other litigation expenses incurred as a result of their criminal prosecution.  The district court denied the applications and this appeal followed.

The Hyde Amendment[1] "provides for the award of attorney's fees and

---

[1]  The full text of the Hyde Amendment reads as follows:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act, may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.  To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.  Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from

3

[related litigation] costs to a prevailing criminal defendant who establishes that the position the government took in prosecuting him was vexatious, frivolous, or in bad faith." United States v. Gilbert, 198 F.3d 1293, 1296 (11th Cir. 1999). The criminal defendant bears the burden of proving this by a preponderance of the evidence, as well as establishing that he is otherwise qualified for the award under the law. See id.[2]

In Gilbert, this Court began its analysis of the Hyde Amendment with the words of the statute themselves, to wit:

> "Vexatious" means "without reasonable or probable cause or excuse." A "frivolous action" is one that is "groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." Finally, "bad faith" "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will."

Id. at 1298-99 (citations omitted). In Gilbert, the defendant's conviction in the underlying criminal case had been reversed because the statute of limitations had

---

any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision.

[2] We recognize that recovery under the Hyde Amendment is allowed under only limited circumstances, and is subject to the restrictions and procedures articulated by the language of the law and its legislative history. See Gilbert, 198 F.3d at 1304. A criminal defendant must show, for example, that (1) his trial had been in progress during fiscal year 1998 or a subsequent year, (2) his net worth was less than two million dollars, (3) he had been a "prevailing party" in his criminal case, even though subject to possible retrial upon remand; (4) that his legal representation was not the result of court-appointment; and (5) his attorney's fees and costs are "reasonable." See Hyde Amendment, 18 U.S.C. § 30006A; 28 U.S.C. § 2412. Appellants assert that they meet each of these requirements. Appellant Collin's Brief at 17.

expired prior to his indictment.  Id. at 1297.  However, at that time, the issue of when the limitations period began to run for the charged offense was one of first impression not only in this Court, but also, with respect to the specific factual situation involved, in the country as a whole.  This Court declined to hold "that prosecutors act in bad faith when they fail to anticipate how a court will decide an issue of first impression."  Id. at 1303.  At the same time, this Court made the following statement:

> A defendant seeking Hyde Amendment fees and costs on the basis of a legal position the government took in prosecuting him must establish that the position was foreclosed by binding precedent or so obviously wrong as to be frivolous.  Gilbert has not established that and he can not establish it.  He is effectively foreclosed from doing so not only because a legal issue of first impression in this circuit was involved, but also by the fact that the district judge who presided at his trial accepted the government's statute of limitations position, the same position this Court later rejected in Gilbert I.  Once a district court judge accepts the government's legal position it will be extremely difficult to persuade us that the issue was not debatable among reasonable lawyers and jurists, i.e., that it was frivolous.

Id. at 1304 (footnote omitted).

Here, in Adkinson I, this Court has already found that the government, "[w]ith full knowledge that it was contrary to recent and controlling precedent, . . . induced the grand jury" to charge in objectives 2-5 of Count I of the indictment that a bank-fraud conspiracy violated 18 U.S.C. § 371.  Adkinson I, 135 F.3d at 1374 (emphasis added).  It further persuaded the district court to deny the

5

Appellants' motion to dismiss the indictment which did not allege any crime under the existing law. The government did so on the future hope that this court would reverse the then existing precedent during the Appellants' trial, and willfully ignored Appellants' rights. In urging the trial court not to dismiss the indictment which concededly did not charge a crime, the government stated that the trial court should take:

> the bold, high level, high risk approach, and that is to simply leave the indictment as is and if *Hope* [the controlling case] is sustained let them take it up on appeal and *have it reversed*. (emphasis added).

Id. at 1368-69.

Unlike our finding in Gilbert, this was not a case where the law was unclear and the district court accepted a viable legal argument on an "issue ...debatable among reasonable lawyers and jurists." 198 F.3d at 1304. The district court in this case knew that controlling precedent precluded prosecution.

The trial lasted five months; 115 witnesses generated more than 85 volumes, 17,500 pages of transcript and 1,447 exhibits. During these five months, defendants continuously objected to a mass of evidence on the grounds that it was all related to the non-crime with which they had been charged. "The district court, again upon the government's assurance that all the evidence was "inextricably intertwined" with the bank fraud conspiracy, allowed it under the

government's "high risk" strategy." Adkinson I at 1369.   As a result of these charges, during the government's case-in-chief, "[m]ountains of detail relevant only tangentially, if at all, to the ultimately charged scheme to defraud the IRS certainly must have confused the jury.  Furthermore, under the circumstances of this case, this evidence obviously invited the jury to convict for conduct not, ultimately, even alleged to be a crime."  Id.  at 1372 (emphasis added).  This Court also noted that the general rule that "misjoinder will not be found after the dismissal of a count in an indictment during trial" did not apply

> where the count justifying the joinder was not alleged by the government in good faith, i.e., with the reasonable expectation that sufficient proof will be forthcoming at trial.  Since the government in this case knew at the time the Indictment was obtained that no amount of evidence at trial would be sufficient to convict defendants of a Section 371 bank fraud conspiracy, these defendants were misjoined insofar as the joinder was predicated upon that conspiracy.

> This misjoinder was not harmless.  In a trial of this duration and size, guilt by association is always a threat.  The only way all of these defendants were tied together at all in this far-flung series of events was by the allegation of a violation of Section 371 through a bank fraud conspiracy which no amount of evidence at trial could establish. Prejudice resulted from the spill over effect of the massive amount of testimony and exhibits which came in against all defendants  under the "inextricably intertwined" theory.  This is bad faith joinder and was seriously prejudicial to these defendants.

Id. at 1374 (citations and footnotes omitted) (emphasis added).

    It is beyond cavil that the government's prosecutorial position was

"foreclosed by [the] binding precedent" not only when the government brought the indictment, but also throughout the presentation of its case-in-chief leading this Court to overturn all of the defendants' convictions in order "to serve the system which protects us all." Adkinson II, 158 F.3d at 1164.

We do not repeat here this Court's previous extensive discussion of the "bad faith" exercised by the government in bringing the charges against the appellants in the underlying criminal case. Adkinson I, 135 F.3d at 1375 See id. at 1374 ("This is a bad faith joinder and was seriously prejudicial to these defendants.") (emphasis added). That discussion, however, reflects the correct legal standard which the district court should have applied. Prosecuting appellants in defiance of controlling authority constitutes "vexatious", "frivolous", and "bad faith" prosecutions. In the instant case, the government's prosecutorial position was "foreclosed by [the] binding precedent," not only when the government brought the indictment, but also throughout the presentation of its case-in-chief, tainting the entire proceedings.

Based on all of the circumstances of this case, we conclude that the district court abused its discretion in denying the awards and in making a clearly erroneous finding that the government did not prosecute the appellants in bad faith on charges that the government knew not to be crimes, as established by this Court's binding

precedent. The government's litigating position in this case was vexatious, frivolous, and taken in bad faith, justifying an award of "a reasonable attorney's fee and other litigation expenses" under the Hyde Amendment. Although the government argued to the district court that there were "special circumstances" making such an award unjust, it has abandoned that argument here. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 (11th Cir. 1999) (issues not argued on appeal are considered abandoned), cert. denied, 529 U.S. 1055 (2000).

We reverse the district court's ruling and remand for a determination of the amount of fees and expenses to which Collins, Kistler, and Adkinson are entitled under the Hyde Amendment. Since it is unclear from the record on appeal whether Minks filed a timely Hyde Amendment application, or whether the district court issued a final appealable order with respect to such an application, the district court, on remand, should clarify its ruling with respect to Minks' application, if such an application is still properly before it.

**REVERSED AND REMANDED.**