[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13848
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00590-RH-GRJ


GLENN C. SMITH,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 12, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Glenn Smith, a prisoner proceeding *pro se*, appeals the dismissal of his civil rights lawsuit brought under 42 U.S.C. § 1983, after the district court concluded that Smith did not have standing. On appeal, he argues that the district court conflated the doctrines of standing and mootness, that he showed sufficient evidence of future injury to confer standing, and that the district court should have required the Secretary of the Florida Department of Corrections to show that it would not continue its allegedly wrongful behavior.

## I.    BACKGROUND

Smith brought this § 1983 action against Kenneth Tucker, then Secretary of the Florida Department of Corrections ("FDC"), in his official and individual capacities, alleging that part of the FDC's dental policy violated the Eighth Amendment.[1]  Smith alleged that part of his molar ("tooth #18") broke while eating in the prison dining hall in June 2012.  The prison dentist, Dr. Kubik, x-rayed the tooth and informed Smith that the remaining portion would have to be extracted.  Dr. Kubik told Smith that the tooth could be fixed with a crown, but that such a procedure was unavailable in the prison.  Smith refused to have the tooth pulled.  Instead, he filed suit.

In his complaint, Smith alleged that he needed, immediately, a crown for tooth #18 to prevent the tooth from deteriorating to the point that it would have to

---

[1]  The district court later substituted Michael Crews, who had replaced Tucker as Secretary, as defendant in his official capacity under Fed. R. Civ. P. 25(d).

2

be extracted, rather than repaired, which would potentially cause him pain.  Smith

further alleged that he had previously received an amalgam restoration on another

tooth at the prison and was now concerned that he might be forced to have that

tooth pulled, rather than repaired, should any future problems arise.  The proper

treatment of these dental health needs, Smith alleged, was compromised by an

FDC policy or custom that denied the serious medical need for dental crowns.  He

suspected, but was not certain, that it was a written policy.  Smith alleged that the

repair of teeth with dental crowns was the standard within modern medical

practice, and that the policy denying that treatment violated his rights under the

Eighth Amendment.  Smith's complaint sought injunctive relief to compel the

prison to repair his tooth with a crown, declaratory relief that his civil rights had

been violated, costs of litigation, and nominal, compensatory, and punitive

damages.

In July 2013, the Secretary of the FDC moved to dismiss under Fed. R. Civ.

P. 12(b)(6), arguing that the FDC policy does permit crowns in certain situations,

but that Smith's condition did not meet the policy's requirements, and denying that

the FDC had acted with deliberate indifference toward Smith's medical needs.[2]

The district court dismissed the individual-capacity claim on qualified immunity

---

[2]  The FDC regulations provide:  "Fixed prosthetics (crowns and bridges) are not to be done except in unusual circumstances and only when an adequate restoration cannot be placed." Fla. Admin. Code r. 33-402.101(7)(d)(3).

3

grounds and dismissed the official-capacity claim for damages on Eleventh Amendment grounds. This left pending Smith's claim for prospective injunctive relief against Crews in his official capacity.

In January 2014, both parties moved for summary judgment. Smith alleged that the FDC policy still denied crowns when they were needed. Notably, Smith's motion also stated significant new facts: namely, that he had been offered and had consented to a restoration of tooth #18 by means of a filling, and that the restoration "appears satisfactory at the present time." Smith nonetheless maintained that prospective injunctive relief was still necessary "for [his] future medical needs for which a cast crown should be provided for any tooth where a tooth might be saved from extraction by the placement of a crown . . . and [to] preserve plaintiff's previous dental work to achieve a correct bite[.]"

In his motion for summary judgment, the Secretary argued first that Smith's complaint was moot because he had received satisfactory treatment for tooth #18. The Secretary next argued that Smith lacked standing for two reasons. First, Smith lacked standing because tooth #18 had been fixed and there was no other injury in fact that was attributable to the FDC's dental crown policy. Second, Smith lacked standing to pursue a claim premised on a possible future injury, because his claim, based only on the possibility that he might damage another tooth that would then require a crown, was speculative. The Secretary also argued that Smith had not

4

properly exhausted his available administrative remedies because prior to filing his action, he did not file a petition to initiate rulemaking to alter the FDC official rule on crowns.  Finally, the Secretary argued that Smith had failed to state a valid claim under the Eighth Amendment because he had not demonstrated either that he had a sufficiently serious medical need or that the FDC had acted with deliberate indifference.

The district court dismissed Smith's claim for lack of standing.  Assuming for purposes of the motion that the FDC had a custom or policy to extract teeth that could otherwise be crowned, that the policy was unconstitutional, and that, in an appropriate case, an injunction could be issued to correct the violation, the district court held that there was no reason to believe that Smith had suffered any injury or would suffer injury in the future as a result of the policy.  The district court denied all other pending motions.

Smith filed a motion to alter or amend the judgment, citing a statement from another prison dentist, Dr. Greenberg, that the tooth that had been repaired prior to the incident involving tooth #18 would fail at some future point and thus that there was a threat of future injury.  Smith further argued that the district court had conflated the doctrines of standing and mootness and that he had not lost standing just because tooth #18 had been repaired.  The district court denied the motion, concluding that it had dismissed the case as moot and for lack of standing because

5

Smith's claim of future injury did not demonstrate a sufficient likelihood that Smith would suffer the same mistreatment in the future.[3]  Smith appealed.

## II.    ARGUMENTS ON APPEAL

On appeal, Smith repeats his argument that the district court conflated the doctrines of standing and mootness.  He contends that standing was not lost by the satisfactory repair of tooth #18 because he still had a valid claim for injunctive relief based on the likelihood of future injury.  Smith also argues that his case was not moot because the Secretary could not moot the case simply by ceasing the conduct at issue, and the district court never required the Secretary to prove that the allegedly wrongful behavior could not reasonably be expected to recur.

In response, the Secretary argues, as he did below, that Smith's allegation that the FDC's dental crown policy violated the Eighth Amendment was mooted once tooth #18 was repaired.  He also argues that, because Smith's claim for prospective injunctive relief is speculative—Smith cannot say with certainty if or when he will require future dental work—it cannot confer standing.  Finally, the Secretary argues that Smith had not exhausted the available administrative remedies in seeking to have the FDC's rule altered, as required by 42 U.S.C. § 1997e(a).

---

[3]  The original order stated the grounds for dismissal as lack of standing.  This is reiterated in the order denying the motion to alter the judgment, but there is also the statement, perhaps mistaken, that the case had been dismissed as moot.

In reply, Smith repeats that Dr. Greenberg had stated that the previously repaired tooth would likely require future work, and therefore the district court could provide meaningful relief. Smith further argues that he had satisfied the exhaustion requirement by complying with prison grievance procedures. Finally, he argues that the Secretary had waived the argument by not raising it earlier, and that the relief he sought could be granted to him without amending the FDC dental rule.

## III.   LEGAL STANDARDS

We review *de novo* questions concerning subject-matter jurisdiction, including mootness, standing, and ripeness. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004).

An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Stated another way, when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed. *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000). While a defendant cannot moot a case simply by voluntarily ending the challenged practice, we often give government actors more leeway than private parties in the presumption that they

7

are unlikely to resume illegal activities, but only after the government actor has shown unambiguous termination of the complained-of activity. *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014).

Standing requires the plaintiff to show injury in fact, causation, and redressability. *Elend*, 471 F.3d at 1205. In order to satisfy the injury-in-fact requirement of standing, a plaintiff need not wait for an injury to occur, "so long as the alleged injury is imminent or real and immediate and not merely conjectural or hypothetical. An injury is imminent if it is likely to occur, and likely to do so immediately." *31 Foster Children v. Bush*, 329 F.3d 1255, 1265 (11th Cir. 2003) (quotations and citations omitted). Immediacy requires that the anticipated injury occur within some fixed period of time in the future. *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1161 (11th Cir. 2008).

Even if the plaintiff shows immediacy, there still must be a substantial likelihood of future injury, meaning that the threatened future injury must pose a realistic danger and cannot be merely hypothetical or conjectural. *Id.* Where future injury depends on either the random or unauthorized acts of a third party, the plaintiff's claim is too speculative to satisfy standing requirements. *31 Foster Children*, 329 F.3d at 1266. However, when the threatened acts are authorized or part of a policy, it is significantly more likely that the injury will occur again. *Id.*

8

The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the pleading stage, general factual allegations may suffice; at the summary judgment stage, the plaintiff must set forth specific facts supported by affidavit or other evidence. *Id.* at 561.

The doctrine of standing tends to converge with the doctrine of ripeness where a plaintiff seeks pre-enforcement review, since such claims involve the possibility of wholly prospective future injury. *Elend*, 471 F.3d at 1205, 1210–11. The ripeness inquiry requires determining (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) (per curiam). A plaintiff's challenge to a governmental act will only be ripe for judicial review if the plaintiff shows that he has sustained, or is in immediate danger of sustaining, a direct injury as a result of that act. *Id.* In the context of the Eighth Amendment, claims are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment. *Cheffer v. Reno*, 55 F.3d 1517, 1523–24 (11th Cir. 1995).

## IV.    APPLICATION AND DISCUSSION

Smith concedes that tooth #18 seems to have been satisfactorily repaired. There is therefore no live controversy involving tooth #18, and the issue is moot.

9

*Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217. Although Smith argues that the district court should have required the Secretary to prove that the allegedly wrongful behavior could not reasonably be expected to return, he never contended that the FDC would resume its extraction policy toward tooth #18, nor that the FDC had taken harmful action toward any of his other teeth.

The district court also determined that Smith lacked standing to bring a claim based on possible future injuries to other teeth. The record supports the district court's conclusion. Smith alleged that although Dr. Greenberg had told him at the time it was done that the amalgam restoration was not expected to work, the restoration has so far not failed. Smith believed that this comment meant that the restoration could be expected to fail "at any time." Smith, however, provided no evidence to support his belief that the restoration would fail within some fixed period of time. Indeed, Smith's complaint makes clear that this was merely Smith's conjecture.[4] Because Smith's alleged future harm is indeterminate, rather than immediate, the district court correctly held that he lacked standing. *See Fla. State Conference of N.A.A.C.P.*, 522 F.3d at 1161.

---

[4] "Fortunately, the amalgam restoration that Dr. Greenberg provided at that time saved plaintiff's tooth at issue to date, but that tooth, too, is at issue in this complaint for that repair was not given an expectation by the dentist to even work at that time and plaintiff believes that it is a tribute to Dr. Greenberg's skill that it has held to date, but that a crown should be provided by the FDC when this amalgam restoration finally does fail as it is expected to do at any time." Dr. Greenberg's skepticism about the initial likelihood of success of the repair does not imply an opinion that it is likely to fail in the future.

Smith's complaint did allege a written policy or custom of the FDC under which the FDC extracted teeth that could otherwise be saved. Smith later acknowledged that he had been made aware of the FDC regulation allowing use of a crown if an adequate restoration could not be done, but he still maintained that the FDC unnecessarily extracts repairable teeth. An allegation of a policy or custom does make it more likely that a future injury will occur. *31 Foster Children*, 329 F.3d at 1266. However, Smith's claim is too conjectural to confer standing, because the future injury he apprehends would only arise if (1) Smith's tooth restoration would fail, despite having worked for years without problems; (2) the FDC would order the prison dentists to extract teeth unnecessarily, in contradiction to the FDC regulation; (3) the dentist would extract the tooth, rather than repairing it; and (4) the extraction would be unnecessary under the circumstances. *Cf. Fla. State Conference of N.A.A.C.P.*, 522 F.3d at 1162. This makes Smith's claim too speculative to confer standing. *See id.*; *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 97–98, 111 (1983) (plaintiff who had been placed in a chokehold during a traffic stop by police lacked standing to seek injunctive relief to prevent future chokeholds because "there is no showing of any real or immediate threat that the plaintiff will be wronged again . . ."); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (plaintiffs denied declaratory relief because they could not show that their bank account funds

11

would likely be subject to garnishment in the future under allegedly unconstitutional garnishment statute).

For these same reasons, Smith has no ripe claims. His teeth have not been pulled, nor have his restorations failed. Even if the FDC's policy were contrary to the Eighth Amendment, Smith has sustained no injury from it and faces no immediate danger of injury from it. As Smith has no teeth in immediate danger of being extracted, he faces no hardship in the withholding of consideration of his claim, and his claims are therefore unripe. *See Nat'l Adver. Co.*, 402 F.3d at 1339.

## V.    CONCLUSION

Here, Smith's claim that he required placement of a crown on his molar was moot once the tooth was fixed. *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217. His prospective claims for future medical needs were not sufficient to confer standing for they were not immediate and remained too speculative. *See Fla. State Conference of N.A.A.C.P.*, 522 F.3d at 1161. For the same reason, Smith has not sustained an injury that is ripe for review. *Nat'l Adver. Co.*, 402 F.3d at 1339. Accordingly, we affirm.

**AFFIRMED.**

12