**ADDISON INSURANCE COMPANY,**
**Plaintiff,**

v.

**4000 ISLAND BOULEVARD CONDOMINIUM ASSOCIATION, INC., et al., Defendants.**

**Case No. 15–21777–CIV–WILLIAMS**

United States District Court,
S.D. Florida.

08/31/2015

09/01/2015

Brett Purcell Owens, Fisher & Phillips, LLP, Bruce Allen Aebel, Banker Lopez Gassler P.A., Tampa, FL, Christopher Hollman, Indianapolis, IN, for Plaintiff.

Alexander Brockmeyer, Mark Andrew Boyle, Boyle & Leonard, P.A., Fort Myers, FL, David Brian Haber, Miami, FL, for Defendants.

## ORDER

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE

**THIS MATTER** is before the Court upon Defendant Poma Construction Corporation's motion to dismiss (DE 8) to which Plaintiff filed a response in opposition (DE 15). No reply was filed and the time to do has passed.

■ While the sole count in the amended complaint purports to assert a claim for declaratory relief based on Chapter 86 of the Florida Statutes, "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights and Florida's procedural rules are inapplicable because this is a diversity case." *Garden Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F.Supp.2d 1224, 1227 (S.D. Fla. 2011) (internal quotations omitted) (quoting *Strubel v. Hartford Ins. Co. of the Midwest*, Case No. 8:09-cv-01858-T-17-TBM, 2010 WL 745616, at *2 (M.D. Fla. Feb. 26, 2010)). Accordingly, the complaint will be construed as purporting to state a claim for relief pursuant to 28 U.S.C. § 2201. *Id.* "In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 ... the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

■ The question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). At a minimum, a claim for declaratory judgment

must be supported by allegations from which a substantial continuing controversy may reasonably be inferred. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999).

 The Court finds that the sole count declaratory relief fails to allege sufficient facts showing an actual or immediate controversy. The complaint does not indicate why the parties are in doubt as to their rights or obligations under the policy, it does not allege that any party has sought coverage under the policy or that coverage has been denied, and it does not identify what position, if any, Addison has taken with respect to who, or what claims, are covered under the policy. Although the complaint references an underlying state court action in which Poma is a defendant, it does not indicate that Poma has sought coverage for that action. Accordingly, the Court finds that Plaintiff has failed to set forth facts showing that declaratory relief is warranted. *See Estrada v. Am. Sec. Ins. Co.*, No. 8:14-CV-01588-EAK, 2015 WL 1333323, at *2 (M.D. Fla. Mar. 24, 2015).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Poma Construction Corporation's motion to dismiss is **GRANTED.** Plaintiff shall be granted leave to file a second amended complaint within **10 days** from the date of his Order.

**DONE AND ORDERED** in chambers in Miami, Florida, this 31st day of August, 2015.