[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11747
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cv-01597-LCB

DEANDRE RUSSELL,
CONSTANCE RUSSELL,

                              Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,
STATE OF ALABAMA,

                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 1, 2021)

Before JILL PRYOR, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:


Plaintiffs DeAndre' and Constance Russell, proceeding pro se,[1] appeal the district court's dismissal -- for lack of standing -- of their amended[2] complaint for declaratory and injunctive relief.  No reversible error has been shown; we affirm.

Plaintiffs filed this civil action against the United States, the State of Alabama, and members of the United States Congress and the Alabama Legislature.  Briefly stated, Plaintiffs challenge as unconstitutional the Federal Judiciary Act of 1925 and its amendments ("the Judiciary Act").  Plaintiffs say the Judiciary Act permits appellate courts to "evade review of . . . important cases or controversies" by issuing what Plaintiffs call a "no opinion ruling": a decision affirming a lower court judgment or denying a writ of certiorari without discussion.

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Plaintiffs filed their initial complaint in September 2019.  On 11 October 2019, Plaintiffs moved -- pursuant to Fed. R. Civ. P. 15(a)(1) -- for leave to amend their complaint to "present a more definite and precise statement of clarity."  On 23 October (fewer than 21 days after service of process) Plaintiffs filed a "Motion to Clarify and Summarize their Complaint with a More Definite Statement."  In their 23 October filing, Plaintiffs summarized and elaborated on the claims presented in their initial complaint.  The district court construed Plaintiffs' 23 October filing as a supplement to the initial complaint -- filed as a matter of course under Rule 15(a)(1) -- and thus deemed as moot Plaintiffs' 11 October motion for leave to amend.

Plaintiffs contend these "no opinion rulings" violate due process because -- in denying claims or review without opinion -- appellate courts decide impermissibly what cases are of public importance and deprive litigants of a meaningful opportunity to have their claims "heard and decided."  By passing the Judiciary Act, Plaintiffs say Congress violated 42 U.S.C. § 1983, Articles I, II, and III of the United States Constitution, the Due Process Clause, and the Equal Protection Clause.

About standing, Plaintiffs alleged they suffered injuries when their purportedly meritorious claims were denied without opinion by federal and state appellate courts.  Plaintiffs say the United States Supreme Court twice denied without opinion petitions for certiorari filed by DeAndre' and that the Alabama Supreme Court denied without opinion a petition for review filed by Constance.

As relief, Plaintiffs sought (1) a declaration that the Judiciary Act is unconstitutional; (2) an injunction enjoining federal and state appellate courts from issuing "no opinion rulings"; (3) a temporary stay in Plaintiffs' 2011 and 2014 bankruptcy proceedings and in "all lawsuits and State Court proceedings filed by" Plaintiffs; (4) attorney's fees and costs; and (5) other relief deemed "just and proper."  Plaintiffs asked for no monetary damages or relief from an existing judgment of any court.

3

The district court determined that Plaintiffs lacked standing and, thus, granted the government's motion to dismiss.  The district court found Plaintiffs had alleged no concrete and particularized injury and, instead, asserted only a generalized grievance about the government that was insufficient to establish Article III standing.  This appeal followed.

Supplement to the Appellate Record:

As an initial matter, Plaintiffs seek to supplement the appellate record with documents -- including the complained-of "no opinion rulings" -- filed in the civil actions underlying Plaintiffs' complaint.  We have said that we will "rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice" and we will make that determination on a case-by-case basis.  See Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 n.4 (11th Cir. 2003).  Even when the additional information is not dispositive, "we may allow supplementation in the aid of making an informed decision."  Id.  We may also take judicial notice of a document filed in another federal or state court "to establish the fact of such litigation and related filings."  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); Lozman v. City of

4

Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice of court documents filed in a state eviction action); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Plaintiffs' pro se complaint references more than one proceeding in which Plaintiffs say they were denied relief without opinion but lists only one identifiable case number. Because the additional information Plaintiffs now seek to add to the record will aid our decision-making -- and because we may take judicial notice of the fact of the issuance of the pertinent court orders -- we will allow Plaintiffs to supplement the record on appeal.

Reading Plaintiffs' complaint together with Plaintiffs' supplemental record filings, Plaintiffs have identified three civil actions underlying their due process claims: (1) a Chapter 13 bankruptcy proceeding filed by DeAndre' in 2011; (2) a 2013 civil action filed by DeAndre' against his creditor, his bankruptcy lawyer, and the bankruptcy trustees in the United States District Court for the Northern District of Alabama; and (3) a 2005 garnishment action filed against Constance in Alabama state court. In each case, DeAndre' or Constance ultimately petitioned the United States Supreme Court for a writ of certiorari. And, in each case, the

5

Supreme Court denied certiorari without opinion.  See Russell v. First Resol. Inv. Corp., 140 S. Ct. 213 (2019), reh'g denied, 140 S. Ct. 633 (2019); Russell v. Redstone Fed. Credit Union, 139 S. Ct. 457 (2018), reh'g denied, 139 S. Ct. 1245 (2019); Russell v. Geddes, 571 U.S. 835 (2013).  The most recent of these denials was issued in December 2019: before the district court dismissed Plaintiffs' complaint in April 2020 and before this appeal was filed.

Standing:

We review de novo a dismissal for lack of standing.  Scott v. Taylor, 470 F.3d 1014, 1017 (11th Cir. 2006).

"The party invoking federal jurisdiction bears the burden of establishing" standing.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).[3]  To establish Article III standing, a plaintiff must establish three elements: (1) he has suffered an injury-in-fact, (2) a causal connection between the injury and the complained-of conduct, and (3) the injury is capable of being redressed by the court.  Id. at 560-61.  To show an injury-in-fact, a plaintiff must demonstrate that he suffered "an

---

[3] Contrary to Plaintiffs' contention on appeal, a ruling about standing may be made at all stages of litigation, including at the pleading stage, the summary judgment stage, or at trial.  See Lujan, 504 U.S. at 561-62.

invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent." Id. at 560.

In addition to showing a past injury, a plaintiff seeking prospective injunctive or declaratory relief must also "show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013) (injunctive relief); Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (declaratory relief). In other words, a plaintiff has standing to seek prospective relief only if he can show "a real and immediate -- as opposed to a merely conjectural or hypothetical -- threat of future injury." Houston, 733 F.3d at 1329 (emphasis in original); Malowney, 193 F.3d at 1347.

Construed liberally, Plaintiffs' complaint might allege sufficiently a past injury. Plaintiffs contend that the Judiciary Act and the issuance of "no opinion rulings" violate due process. Plaintiffs further allege that they personally suffered a due process violation when their claims were denied without opinion by federal and state appellate courts.

That Plaintiffs have alleged sufficiently a past injury is only the first step in our standing inquiry. Because Plaintiffs seek only prospective declaratory and

7

injunctive relief,[4] they must allege facts that also establish a "real and immediate" threat of future injury. Plaintiffs have failed to satisfy that burden.

Never have Plaintiffs alleged that they are still at imminent risk of a future due process violation. The three civil actions underlying Plaintiffs' complaint are already final: Plaintiffs thus face no threat of alleged future injury from the issuance of a "no opinion ruling" in those cases. Nor have Plaintiffs alleged that they have other pending lawsuits that might give rise to a reasonable expectation that Plaintiffs are likely to be subject to future injury from the issuance of a "no opinion ruling."[5]

---

[4] Plaintiffs sought no relief from an existing court judgment or damages for their alleged past injuries. Plaintiffs' complaint included a request for a temporary stay in the then-unidentified underlying civil proceedings. Such relief was unavailable, however, because final judgment had already been entered in each of the three underlying proceedings before the district court rendered its decision.

Plaintiffs' complaint also asked for other relief "as the Court deems just and proper." We do not, however -- for the purpose of our standing inquiry -- construe this language to encompass a request for damages or other relief from an existing judgment. We have said that the "mere incantation of such boilerplate language" cannot convert the nature of relief sought. See Rosen v. Cascade Int'l, 21 F.3d 1520, 1526 n.12 (11th Cir. 1994) (vacating a grant of a preliminary injunction when plaintiffs sought only money damages and other "just and proper" relief: asking for "just and proper" relief "does not convert a legal cause of action into a legitimate request for equitable relief."). We have also stressed that if a plaintiff fails to satisfy his burden of alleging facts sufficient to establish Article III standing, "this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." See Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006). Nor does the leniency we afford pro se pleadings give us "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jam., Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

[5] In their September 2019 initial complaint, Plaintiffs alleged that Constance had petitioned the United States Supreme Court for review of the Alabama Supreme Court's "no opinion ruling."

8

Plaintiffs have alleged no "real or immediate" threat of future injury. Plaintiffs thus lack Article III standing to bring this action for prospective declaratory or injunctive relief. Cf. Malowney, 193 F.3d at 1348 (because plaintiffs showed no substantial likelihood of future injury, a declaration that the challenged statute "as applied in the past to these plaintiffs is unconstitutional would be nothing more than a gratuitous comment without any force or effect." (quotation and alteration omitted)). We affirm the district court's dismissal for lack of standing.

AFFIRMED.

---

The Supreme Court denied certiorari on 7 October 2019 (before Plaintiffs amended their complaint on 23 October) and denied rehearing on 9 December 2019. That lawsuit was done and was thus not pending when the district court dismissed for lack of standing. Article III's case-or-controversy requirement demands that standing "persist throughout all stages of litigation." Va. House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1950-51 (2019).