Louis NAVELLIER, Wendy Navellier, individuals, Plaintiffs-Appellants,

v.

State of FLORIDA, Town of Manalapan, a Florida township, Defendants-Appellees.

No. 16-11994
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Date Filed: 12/01/2016

Samuel Kornhauser, Law Offices of Samuel Kornhauser, San Francisco, CA, Lyubov Zeldis, Lyubov Zeldis, PA, Fort Lauderdale, FL, for Plaintiffs-Appellants

Carrol Y. Cherry Eaton, Attorney General's Office, Ft Lauderdale, FL, for Defendant-Appellee State of Florida

Daniel Lawrence Abbott, Trevor Christopher Jones, Weiss Serota Helfman Cole Bierman, Fort Lauderdale, FL, Laura K. Wendell, Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, FL, for Defendant-Appellee Town of Manalapan

Before MARCUS, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

■ Louis and Wendy Navellier appeal the district court's dismissal of their complaint challenging the constitutionality, on equal protection grounds, of the homestead exemption provision of the Florida

Constitution, Fla. Const., art. X, § 4(a)(1), which limits Florida's municipal homestead exemption to "one-half acre of contiguous land."[1] The district court found that the Navelliers lacked standing and dismissed the claims without prejudice for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). The court alternatively found that the complaint was subject to dismissal on the merits for failure to state a claim, under Fed. R. Civ. P. 12(b)(6). On appeal, the Navelliers challenge both the district court's standing and merits determinations.[2] After careful review, we agree that the Navelliers lacked standing to pursue their claims against the State of Florida (the "State") and their claims for declaratory and injunctive relief against both defendants, the State and the Town of Manalapan (the "Town"), and we affirm the district court's dismissal without prejudice of those claims. We conclude, however, that the Navelliers had standing to pursue their claim for damages against the Town, though we agree that the complaint failed to state a claim on the merits. Accordingly, we vacate the dismissal without prejudice of the Navelliers' damages claim and remand for the district court to dismiss that claim with prejudice.

We review jurisdictional issues, including questions of standing, de novo, see Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999), with the burden of establishing jurisdiction resting on the party bringing the claim, Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). We also review de novo the grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

The relevant background is this. According to the complaint, the dispute arose when the Town obtained a $232,000 judgment against the Navelliers and threatened to enforce the judgment against their home, which was located on a 1.2-acre parcel of land in Manalapan and had been claimed by the Navelliers as a homestead. The Navelliers argued that Florida's homestead exemption prevented the Town from enforcing the judgment against their property, but the Town disagreed on the

1. The provision states, in relevant part:

    (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
    (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family[.]
Fla. Const. Art. X, § 4(a)(1).

2. The Navelliers' brief notes that, after filing their notice of appeal, they concluded that this Court lacks jurisdiction to hear their appeal because the district court dismissed their complaint without prejudice. However, a dismissal without prejudice is appealable if "it is clear that the order was nevertheless 'final.'" Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005). Here, the dismissal was involuntary and closed the case. Further, the standing defect identified by the district court could not have been cured by amendment. Thus, the district court's dismissal order was final and appealable, and we have appellate jurisdiction.

ground that the Navelliers home was located on a parcel larger than a half-acre. The Navelliers ultimately paid the Town $232,000 under protest, to satisfy the judgment and avoid losing their home. They then filed the instant civil-rights suit in federal district court, against the State and the Town, seeking a refund of the $232,000 they paid, a declaratory judgment that Florida's homestead exemption is unconstitutional because it treats municipal homeowners who claim homestead protection for homes located on parcels of land larger than a half-acre unequally, and to prospectively enjoin the defendants from enforcing judgments against the homestead property of such municipal homeowners. The plaintiffs styled their suit as a class action, brought on behalf of all similarly-situated Florida municipal homeowners who have claimed a homestead exemption on properties larger than a half-acre, and they sought to be certified as the lead plaintiffs.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203 (11th Cir. 1991) (citing U.S. Const. art. 3, § 2). The standing doctrine is part of the case or controversy requirement. Id. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Gladstone Realtors v. Vill. of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (quotation omitted). Generally, standing requires a plaintiff to demonstrate: (1) that he has suffered an injury-in-fact—that is, an injury that is concrete and particularized, and actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable judicial decision. See Di-Maio v. Democratic Nat'l Comm., 520 F.3d 1299, 1302 (11th Cir. 2008). When a plain-

tiff seeks declaratory and/or injunctive relief, he must establish that: (1) he is likely to suffer a future injury; (2) he is likely to suffer the injury at the hands of the defendant; and (3) the relief he seeks will likely prevent the injury from occurring. Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1203–04 (11th Cir. 1991); see also Strickland v. Alexander, 772 F.3d 876, 883 (11th Cir. 2014) ("Where the plaintiff seeks declaratory or injunctive relief ... [he must] allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. This is because injunctions regulate future conduct only; they do not provide relief for past injuries already incurred and over with." (quotation and citation omitted)).

Individual standing requirements must be met by anyone attempting to represent his own interests or those of a class. Lynch v. Baxley, 744 F.2d 1452, 1456 (11th Cir. 1984). If the named plaintiff seeking to represent a class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on that of the class. Id.

■ The Navelliers appeal the district court's standing determination, claiming they have standing in light of the live dispute between them and the defendants as to the constitutionality of Florida's homestead exemption. The Navelliers also point to their allegation that the Town used the homestead exemption against them to coerce them to pay the $232,000 judgment under threat of losing their home through a forced sale. We agree with the Navelliers that they have standing to pursue a damages claim against the Town. The complaint alleged that: (1) the Navelliers suffered a monetary injury in the amount of $232,000; (2) which they paid under the Town's threat to enforce the $232,000 judgment against their claimed

homestead property; and (3) a judicial decision that the Navelliers were denied equal protection and ordering the Town to pay $232,000 in damages would redress that injury. Based on these allegations, the Navelliers plainly established the injury-in-fact, causation and redressability requirements of the standing doctrine. See DiMaio, 520 F.3d at 1302. Accordingly, the district court erred in dismissing the Navelliers' claim for damages against the Town without prejudice on jurisdictional standing grounds. See id. at 1303 (noting that dismissal without prejudice is required if the dismissal is on standing grounds and not on the merits).

■ As for the Navelliers' damages claim against the State, the complaint alleged only that the State, "in enacting and enforcing and threatening to enforce and allowing Article X, § 4 of the Florida Constitution to be used as a basis for judgment creditors to enforce money judgments against homeowners whose homes are on greater than one-half acre parcels, has treated municipal homeowners whose homes are on a half-acre of land or greater unequally in violation of their Fourteenth Amendment of the United States Constitution right to equal protection of the law." In contrast to the damages claim the Navelliers alleged against the Town based on their $232,000 payment, this damages claim does not demonstrate a concrete, particularized, and actual or imminent injury that they suffered at the hands of the State. We, therefore, affirm the district court's determination that the Navelliers lacked standing to pursue a damages claim against the State.

■ We also affirm the district court's determination that the Navelliers lacked standing to pursue their claims for declaratory and injunctive relief. As the district court correctly found, the allegations in the complaint did not establish a likelihood of future injury. The complaint does not even so much as suggest that either the Town or the State is likely to unconstitutionally apply the Florida homestead exemption against the Navelliers in the future. See Cone, 921 F.2d at 1203–04; Alexander, 772 F.3d at 883. Indeed, there is no allegation that either defendant has, or may acquire, an unpaid judgment against the Navelliers, or that either defendant might seek to enforce such a judgment against the Navelliers' property.

The Navelliers' reliance on MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), is misplaced. MedImmune involved a patent licensee, whose licensing agreement required it to pay royalties to the patent owner unless and until the patent was ruled invalid by a competent court. 549 U.S. at 121, 127 S.Ct. 764. The Supreme Court held that the licensee had standing to seek a declaratory judgment establishing the validity and scope of the underlying patent, even though the licensee continued to pay royalty fees under protest to avoid the prospect of being sued for infringement and facing liability for treble damages. Id. at 122, 126–37, 127 S.Ct. 764. While the Navelliers and the MedImmune plaintiff both made a payment under protest, the similarities end there. In MedImmune, the plaintiff faced a recurring obligation for royalties: thus, there was a concrete likelihood that the defendant would demand payment from the plaintiff in the future. Here, in contrast, there is nothing in the complaint or elsewhere in the record indicating that either the Town or the State will seek to enforce another judgment against the Navelliers' property.

In short, the Navelliers have standing to pursue a claim for damages related to their $232,000 payment to the Town, which they allege was unconstitutionally coerced.

But they lack standing to seek a judicial declaration that Florida's homestead exemption is unconstitutional or an injunction preventing the defendants from enforcing judgments against homestead property in excess of a half-acre in the future. Moreover, because the Navelliers, themselves, lack standing to pursue declaratory and injunctive relief, they also lack standing to serve as representatives of their proposed class. See Lynch, 744 F.2d at 1456. Further, because the Navelliers lacked standing to pursue their claim for damages against the State and their claims for declaratory and injunctive relief against both defendants, the district court was without jurisdiction to consider the merits of those claims, and we are without jurisdiction to consider the merits on appeal. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

■ We are left, then, with the Navelliers' claim for damages against the Town of Manalapan, which asserted that the Town's threat to enforce the $232,000 judgment against their property, pursuant to the half-acre municipal limitation in Florida's homestead exemption, violated their equal-protection rights. The district court determined that, even if the Navelliers had standing, the complaint failed to state an equal-protection claim because it failed to allege that the Navelliers' property could not be subdivided so as to create a half-acre section that would be protected from forced sale under the homestead exemption. See In re Englander, 95 F.3d 1028, 1031 (11th Cir. 1996) (citing Smith v. Guckenheimer, 42 Fla. 1, 27 So. 900, 915–16 (1900)) (recognizing this option under Florida law). Moreover, the district court reasoned, the Navelliers failed to show that the half-acre limit for municipal homesteads lacked a rational basis. We agree.

The Equal Protection Clause of the Fourteenth Amendment requires the states to treat similarly situated persons in a similar manner. See Leib v. Hillsborough Cty. Pub. Transp. Comm'n, 558 F.3d 1301, 1305–06 (11th Cir. 2009). When a statute or constitutional provision classifies persons in such a way that they receive different treatment under the law, the degree of scrutiny a reviewing court applies depends on the basis for the classification. Id. at 1306. If the provision treats individuals differently on the basis of race or another suspect classification, or if the law impinges on a fundamental right, it is subject to strict scrutiny. Id. Otherwise, the law need only have a rational basis. Id. The Navelliers do not dispute that rational-basis review applies in this case.

Rational-basis review is a highly deferential standard that proscribes only the very outer limits of a legislature's power. Williams v. Pryor, 240 F.3d 944, 948 (11th Cir. 2001). "A statute is constitutional under rational basis scrutiny so long as there is any reasonably conceivable state of facts that could provide a rational basis for the statute." Id. (quotation omitted). What's more, "[a] state is under no obligation to produce evidence supporting the rationality of the legislation and, indeed, the legislature need not even have actually been motivated by the rational reason presented to the court when it enacted the challenged law." Blue Martini Kendall, LLC v. Miami Dade Cty., 816 F.3d 1343, 1351 (11th Cir. 2016). "Rather, the challenger bears the burden to negative every conceivable basis which might support the law." Id. (quotation omitted, alteration adopted).

On appeal, the Navelliers dispute the district court's conclusion that Florida's homestead exemption provides at least a half-acre of homestead protection to homeowners. They point out that, where a property cannot be subdivided, the property is

subject to a forced sale and the homeowners receive the sale proceeds allocable to a half-acre. They assert that this does not further the purposes of the homestead exemption, which is to shield the home from a forced sale and provide security to families. See Chames v. DeMayo, 972 So.2d 850, 853–54 (Fla. 2007) ("The public policy furthered by a homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law." (quotations omitted)). However, as the district court pointed out, the complaint did not allege that the Navelliers' property could not be partitioned in a way that would enable them to maintain their home and enable the Town to enforce the $232,000 judgment against the remainder of the property.

Moreover, Florida's decision to limit the homestead exemption to a half-acre survives rational-basis review. The allegations in the complaint certainly do not "negative every conceivable basis which might support" the State of Florida's decision to limit its municipal homestead exemption to a half-acre. See Blue Martini, 816 F.3d at 1351. For example, the decision to limit homestead protection to a half-acre for municipal homeowners represents a rational way to balance the competing legitimate interests of providing security and stability for homeowners who fall upon financial hardship and ensuring that creditors can satisfy valid claims against debtors.

Accordingly, we affirm the district court's dismissal without prejudice of the Navelliers' claim for damages against the State of Florida and their claims for declaratory and injunctive relief, vacate the dismissal without prejudice of their claim for damages against the Town of Manalapan, and remand the case for entry of a dismissal with prejudice of that claim.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**